Before STATE INDUSTRIAL COMMISSION.

In the Matter of the Claim of KATHERINE WINCHESKI, Dependent Mother, for Compensation under the Workmen's Compensation Law for the Death of STANLEY WINCHESKI, *v.* SOLOMON MORRIS, Employer, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Insurance Carrier.

Third Department, September 27, 1917.

**Workmen's Compensation Law — when injuries to chauffeur of department store delivery truck, while repairing pleasure car of his employer, not received while engaged in a hazardous employment conducted for pecuniary gain.**

A chauffeur employed to operate an automobile delivery truck of a department store, and also a touring car of his employer, the primary and essential purpose of which being to afford pleasure and convenience to the family, although it was occasionally used to deliver goods when the truck was being repaired, who received injuries resulting in his death while engaged in repairing defects in the touring car which was being used to take home a household servant of the employer, was not, at the time he received said injuries, engaged in a hazardous employment carried on by his employer for pecuniary gain, within the meaning of the Workmen's Compensation Law.

CERTIFICATION by the State Industrial Commission of a question to the Appellate Division, Third Department.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken. Deputy Attorney-General,* of counsel], for the State Industrial Commission.

*Frank Cooper,* for the claimant.

*Dayton & Bailey* [*James A. Dayton* of counsel], for the employer and insurance carrier.

COCHRANE, J.:

The State Industrial Commission has certified the following question: "Was the said Stanley Wincheski at the time he received the injuries which resulted in his death engaged in a hazardous employment carried on by his employer for

pecuniary gain, within the meaning of the Workmen's Compensation Law?"

The employer conducted a department store, and in connection therewith used an automobile delivery truck for delivering goods. He also owned a seven-passenger touring car for the pleasure of his family. The deceased was employed as a chauffeur, his duties being to operate both cars. On Sunday, September 17, 1916, he was repairing the touring car preparatory to taking the family of his employer out on a pleasure ride, when a gasoline torch was accidentally ignited and he received burns which caused his death. The last use which had been made of the touring car was on the previous Thursday when it had been used to take home a domestic servant employed in the household of the employer, which servant had no connection with the department store. On that occasion the car got out of repair and the deceased was engaged in overcoming this defect when he sustained his fatal injury. It appears that sometimes when the truck was out of repair the touring car was used in its place for the delivery of goods. Occasionally when the demands of the business so required, both automobiles were used at the same time for a like purpose. The evidence, however, does not warrant an inference that the touring car was generally kept or used for delivering goods from the store. Its primary and essential purpose was for the pleasure and convenience of the family. The Commission is not justified by the evidence in finding any other material facts than as above stated. It is absurd to maintain that this seven-passenger touring car, designed for pleasure and recreation, was owned and kept by the employer in connection with his department store. Its occasional use for delivering goods was merely incidental and in cases of emergency or extreme necessity, and it would be manifestly unjust to exaggerate this occasional and incidental use in such a way as to make it appear that the touring car was a factor of any substantial consequence or importance in the conduct of the employer's business. The employment of the deceased was doubtless of a two-fold nature; he rendered certain services in connection with his employer's business; he also rendered other services disconnected with his employer's business; as a chauffeur operating

the automobile truck in delivering merchandise he was engaged in a hazardous employment conducted by the employer for pecuniary gain; as a chauffeur operating the touring car for the pleasure of his employer's family he was not engaged in a hazardous employment conducted for pecuniary gain. Very clearly at the time when he received his injuries he was engaged in the latter capacity. His status was similar to that of a cook or butler in his employer's household. In *Matter of Sickles* v. *Ballston Refrigerating Storage Company* (171 App. Div. 108) the claimant had duties to perform in connection with a hazardous business but he was injured while performing duties not so connected and it was held that the claim was not within the protection of the statute. That authority is applicable here.

The question certified should be answered in the negative, and the matter remitted to the Commission.

All concurred.

Question certified answered in the negative, and matter remitted to the Commission.