Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EPHRAIM M. SPINKS, Respondent, for Compensation under the Workmens' Compensation Law, v. VILLAGE OF MARCELLUS, Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, December 28, 1917.

**Workmen's Compensation Law — injury to employee of village while alighting from truck — injury not in course of hazardous employment.**

A person employed as a street commissioner and policeman by a village who, for his own convenience, was riding on the vehicle of a truckman not in the employ of the village, and who was injured while alighting from said vehicle, was not at the time engaged in a hazardous employment within the meaning of the Workmen's Compensation Law and is not entitled to an award.

APPEAL by the defendant, Village of Marcellus and another, from an award of the State Industrial Commission, made on the 21st day of June, 1917.

*Robert M. McCormick* [*F. A. W. Ireland* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

KELLOGG, P. J.:

The injured employee was at work for the village by the month. He was employed as street commissioner and policeman. He looked after the streets, the lights and the engine house, "the water, the electric poles, everything that was contained in the corporation." He describes the accident as follows: "I was going to get some lead from the depot. The truckman was going down and I saw him and I got on the sleigh. When I got off the sleigh to go over to the depot my foot caught in the sleigh and threw me. When he was coming back to the depot he was going to stop and get the lead. * * * I was going to use it on water pipe." The accident happened, on January 8, 1917, "at the road that goes to the depot. He was going up the hill and I was to stop him when he came back to get the goods."

The truckman evidently was going up the hill beyond the road leading to the depot. He was not *en route* for the depot when the accident occurred, but when he returned from the trip which he was making for himself or another, he was to leave the main road upon a signal from the claimant and go to the depot. The accident happened when the claimant was getting off the truck at the juncture of the main road and the road leading to the depot. The distance from where the claimant got on the truck to the depot was about three village blocks. Apparently the truckman was not in the service of the village when the accident happened. The claimant was riding for his own convenience and the truckman was to be employed in bringing the lead from the depot if the claimant signaled him.

It cannot be said that the village was engaged in operating a vehicle, or that the claimant received his injury while engaged in an employment declared hazardous by the Workmen's Compensation Law. The risks he was subjected to were the ordinary risks which any person assumed in riding with a truckman. The fact that the claimant at times was acting as street commissioner and at other times was engaged

in fixing the water works or the electric light appliances does not change the situation. (*Matter of Glatzl* v. *Stumpp,* 220 N. Y. 71; *Matter of Gleisner* v. *Gross & Herbener,* 170 App. Div. 37; *Wincheski* v. *Morris,* 179 id. 600; 166 N. Y. Supp. 873.)

The award should, therefore, be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.