In Re KAROS.
KAROS v. OCENAS*.
(No. 1339; March 2, 1926; 243 Pac. 593.)

Master and Servant—Workmen's Compensation Law—Culpable
Negligence—Finding on Conflicting Evidence.

1. Evidence *held* to sustain finding that driver of borrowed
   tractor was employee of borrower.
2. Plasterer, who contracted to move house and hired man
   to help, *held* employer engaged in hazardous occupation
   of moving buildings, though it was his first attempt at
   such work, since he was doing it for purpose of gain,
   and history of Comp. St. § 4318, from original enactment
   Laws 1915, c. 124, § 4, to Laws 1921, c. 138, § 1, indi-
   cates that number of men employed or time of employ-
   ment is immaterial.
3. Whether employee's work is casual or for purpose of em-
   ployer's trade or business, within Comp. St. 1920, § 4321,
   defining workman, depends on facts of individual case.
4. House mover's employee, driving tractor, was workman,
   within Compensation Law, though employment was casual,
   for, under Comp. St. 1920, § 4321, casual nature of em-
   ployment does not leave workman outside law, if employ-
   ment is for purpose of employer's trade or business.
5. Burden of proving culpable negligence of injured employee
   claiming compensation is on employer.
6. Trial court's finding that injured workman, claiming com-
   pensation, was not drunk at time of injury, cannot be
   disturbed, where evidence was conflicting.
7. To refuse award of compensation on ground of workman's
   negligence, it must appear by preponderance of evidence
   that injury was due solely to his culpable negligence.
8. Where tractor used in moving house overturned when
   driver applied too much power, he having previously used
   tractor on farm but not in drawing heavy load, court was
   justified in considering that the peculiarity of tractor
   which caused it to overturn was hazard of occupation
   and contributing cause to injury, and that injury was not
   due to driver's culpable negligence.

*NOTE—See Headnotes (1) Workmen's Compensation Acts CJ
p. 115 n. 37 (2) Workmen's Compensation Acts CJ p. 42 n. 12

(3, 4) Workmen's Compensation Acts CJ pp. 41 n. 9; 51 n. 69 (5-8) Workmen's Compensation Acts. CJ pp. 87 n. 92; 115 n. 30 New, 37; 123 n. 41.

APPEAL from District Court, Fremont County; BRYANT S. CROMER, Judge.

Proceeding under the Workmen's Compensation Law by Frank Karos, claimant, opposed by Alex Ocenas, employer. From an order of the district court granting an award, the employer appeals.

*J. J. Spriggs* for appellant.

Ocenas was not an employer of Karos within the meaning of the Compensation Act. Bossik owned the tractor and sent Karos to run it. 28 R. C. L. 764. Karos was intoxicated, which excludes him from compensation. 28 R. C. L. 791. The employment was casual and a mere, isolated transaction not coming within the Compensation Act. In re: Gaynor (Mass.) 104 N. E. 339; L. R. A. 1916 A 363. Upon reading the compensation act as a whole, it will be seen that it does not apply to the present case.

*David J. Howell,* Attorney General, for respondent, Karos.

House moving comes within the Compensation Act. 4318 C. S., as amended by Chap. 60, Laws 1923. No matter if but one house was moved, the law applied during the time of the moving. There was no proof showing the employment to be casual.

*David J. Howell,* Attorney General, for the State Treasurer.

Ocenas was not a house mover. He applied to Mr. Bossik, a farmer, to secure the use of a tractor. Bossik refused to let the tractor go unless it should be driven by Frank Karos, who was injured. Karos finally brought the tractor and hitched on to the house, and started. The tractor reared up and tipped over, breaking Karos' leg

and burning him severely. He was confined to a hospital for several months as a result of this injury. Ocenas' contention is that the injured man was not in his employ. Record discloses that he was not a regular employee of either Ocenas or Bossik, when employed to move a house as a casual worker. In re Kind (Mass.) 107 N. E. 959.

Kimball, Justice.

This is an appeal from an order of award under the Workmen's Compensation Law. The appellant, Alex Ocenas, on September 12, 1924, was engaged in moving a house at Hudson, Wyoming. The work was being done under a contract whereby Ocenas was to receive $150 for moving the house some six or eight blocks. It was planned to have the house pulled by two gasoline tractors, one of which was driven by Frank Karos, the injured workman. When the tractors were attached to the house and started forward the load proved to be too great, the house did not move, and the tractor driven by Karos reared and fell backward. The workman was caught beneath the tractor and injured. If he was entitled to compensation, the amount thereof as fixed by the award is not questioned.

The tractor driven by Karos had been borrowed from the owner, Bossik. It is claimed that Karos was not the employee of Ocenas but of Bossik. Ocenas testified that when he borrowed the tractor, Bossik insisted that Karos drive it; that he (Ocenas) did not employ Karos, but agreed to pay Bossik both for the use of the tractor and for Karos' services in driving it. We need not say whether this testimony, if undisputed, would have justified a finding that Karos was not the employee of Ocenas at the time of the accident. See Famous Players Lasky Corp. v. Ind. Acc. Com. (Calif.) 228 Pac. 5, and note, 34 A. L. R. 768. The testimony of Ocenas on this point was denied by both Bossik and Karos. Karos testified that he was employed by Ocenas and that he had not worked for Bossik for sev-

eral months. Bossik corroborated Karos. There can be no doubt that the court was warranted in finding that Karos was the employee of Ocenas. The parties hereafter will be called employer and workman.

The employer testified that he was a plasterer and mason, and not engaged regularly in the business of moving houses. There was no evidence that he ever contracted or undertook to move any other house. The time required to move the house was not shown at the hearing, but it may be assumed that it would not have taken long—probably a day or two. It is contended that a single act of moving a house is not an occupation or business covered by the Workmen's Compensation Law.

That law from the first has classed "buildings being constructed repaired, *moved* or demolished" as an extra-hazardous occupation when "conducted for the purpose of business, trade or *gain.*" Sec. 4318, Wyo. C. S. 1920. It is undisputed that the employer in this case was engaged in moving a building, an extra-hazardous occupation, and that he was doing it for the purpose of gain. It would seem, therefore, that the moving of the house was an occupation controlled by the law unless excepted because the employer was engaged in that occupation but a short time.

Section 4318, supra, as it read in the original act, provided that the act should apply only to employers by whom five or more workmen had been employed continuously for more than one month at the time of the accident. Sec. 4, c. 124, L. 1915. The legislature of 1917 made the law applicable to employers who had employed three or more workmen for one month. Sec. 1, c. 69, L. 1917. The next legislature made it applicable to employers by whom "workmen have been employed continuously for more than one month at the time of the accident." Sec. 1, c. 117, L. 1919; Sec. 4318, W. C. S. 1920. The legislature of 1921 dropped from the law all reference to the number of men employed or the time of their employment. Sec. 1,

c. 138, L. 1921. It is unnecessary to comment on the significance of these changes which, after the amendment of 1921, left nothing in the law to show an intention that an employer should be excepted from its control merely because he was not engaged regularly in the hazardous occupation, or because the occupation was pursued for only a short time. We conclude, therefore, that the moving of the building was an occupation controlled by the compensation law.

The law defines a workman as "any person who has entered into the employment of or works under contract of service or apprenticeship with an employer, except a person whose employment is purely casual and not for the purpose of the employer's trade or business." Sec. 4321, C. S. 1920. It is contended that the workman in this case falls within the exception.

Almost every Workman's Compensation Law contains some provision excepting workmen whose employment is casual, but the provisions differ materially both in phrasing and meaning. A general classification of such provisions is made in Miller v. Granite etc. Co., 66 Mont. 368, 372, 213 Pac. 604. Ours may have been copied from the Iowa law of 1913 which, however, has been changed by amendment. Oliphant v. Hawkinson, 192 Ia. 1259, 183 N. W. 805, 33 A. L. R. 1433. The language of the exception in the Wyoming law is much like that in the English act. The courts of that country have considered it inadvisable to attempt to give a general definition of "casual" which would meet every case, or to lay down general rules for determining when the employment is "for the purpose of the employer's trade or business," and leave each case to depend upon its own facts. Stokes v. Wortham, (1919) 1 K. B. 499; Manton v. Cantwell, (1920) A. C. 781. We think that is a wise policy.

In examining the exception as contained in our law, we notice, first, that the casual nature of the employment does not leave the workman outside the law unless it ap-

pears also that the employment was not for the purpose of the employer's trade or business. It may be conceded that the workman's employment in this case was purely casual. We have already said that the employer while moving the building was engaged in an occupation within the act, and it must follow that that occupation for the time was his "trade or business" within the meaning of section 4321. The workman's employment, though casual, was for the purpose of that trade or business, and he does not fall within the exception. It is to be emphasized that in this case the building was being moved by the employer for gain, as an independent undertaking, and not as an incident to some other business. In some or all these respects the case differs and is readily distinguishable from those cases, a few of which we cite, in which a casual workman has been held not to have been employed for the purpose of his employer's trade or business. Alderman v. Warren, 9 B. W. C. C. 507; Blake v. Wilson, 268 Pa. 469; 112 A. 126; 15 A. L. R. 726; Oliphant v. Hawkinson, 183 N. W. 805; 192 Ia. 1259; Maryland Casualty Co. v. Pillsbury, 172 Calif. 748; 158 Pac. 1031; State v. District Court, 164 N. W. 366, 113 N. E. 407; 138 Minn. 103; Bargey v. Massaro Macaroni Co., 218 N. Y. 410; 113 N. E. 407; H. Roy Berry Co. v. Industrial Com. 318 (Ill.) 312, 149 N. E. 278.

The employer alleged that the injury was due solely to the culpable negligence of the injured workman. On that issue the burden of proof was on the employer. Hotelling v. Fargo-Western Oil Co. (Wyo.) 238 Pac. 542. Evidence was introduced for the purpose of proving that the workman was drunk at the time of the accident, but this was vigorously denied, and the trial court's finding in favor of the workman on that point cannot be disturbed. Other evidence tended to show that the tractor turned over because the workman applied too much power. In the language of the employer's brief, "the evidence shows that because of the worm gear, the turning on of too much

power when a heavy load is attached, cannot do anything but cause the tractor to overturn.'' Assuming this to be true, we do not think the trial court was required to find that the workman knew or should have known it. The workman had driven the tractor in farm work, but there is nothing to show that he had ever used it in trying to pull a heavy load, or that he had any reason to suspect that its own power would turn it over when so used. He testified that he had heard that the tractor would ''tip over easily,'' but it is not clear that he heard this until after the accident. Before an award can be refused on the ground of the workman's negligence it must appear by a preponderance of the evidence that the injury was ''due solely'' to his ''culpable negligence.'' We think the trial court may well have taken the view that the described peculiarity of the tractor was a hazard of the occupation in which the workman was engaged, and at least a contributing cause of the injury.

The order of the district court will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.