## LESLIE v. CITY OF CASPER
(No. 1641; May 21, 1930; 288 Pac. 15)

Submitted for plaintiff in error on the brief of *Fred W. Layman* and *Irving G. McCann,* both of Casper, Wyoming.

KIMBALL, Justice.

This is a case under the Workmen's Compensation Law. The workman claimed compensation for disability resulting from an injury suffered while working for Casper, a city of the first class. The city contested the claim and the case was tried to a jury. After the evidence on behalf of the workman had been heard the judge directed a verdict denying compensation. The workman brings the case here by proceeding in error. The sole question is whether the judge erred in directing the verdict.

The workman's statement of his claim alleged that he was employed by the city as "poundmaster" and "truck driver." At the trial he testified that he was employed "as foreman of the city pound as poundmaster." The city had by statute the power to maintain a pound and to impound animals running at large (Sec. 1841, C. S. 1920), and evidently it was in the execution of that power that the workman was employed at least part of the time. It appears that he was also employed in work in connection with the cleaning of the streets and the removal of trash. He gathered trash from the streets and other public places, and carried it to the dumping ground. In this work, and also at times in the work of poundmaster, he drove a truck owned by the city. He testified that work in which he used a truck occupied about nine-tenths of his working time. While engaged in the work of poundmaster he was injured by being thrown from a horse he was riding in trying to impound stray horses.

The law provides for payment of compensation "to persons injured in extra-hazardous employments" as therein defined. Sec. 4316, Wyo. C. S. 1920. The extra-hazardous occupations to which the law is applicable are named in Section 4318, and amendments. The amendment of 1923 includes "general trucking." Sec. 1, c. 60, Laws 1923. The law is applicable to municipal corporations when they "engage in any extra-hazardous work in which workmen are employed for wages." Sec. 4338.

The workman has not contended that the city in maintaining a pound and impounding animals was engaged in extra-hazardous work, within the law. He claims, however, that the city was engaged in the extra-hazardous work of ''general trucking,'' in which he was a workman employed for wages, and that his injury was sustained in that employment.

The city contends that the evidence shows that the trucking work in which the city engaged was in connection with duties that are governmental or public, as distinguished from those that are corporate or private, and that the Workman's Compensation Law was not meant to apply to such a case. It contends also that the evidence was insufficient to show that the claimant was a workman employed for wages, within the meaning of Section 4338, supra. The questions thus raised we are not required to decide. We shall assume that the city, if engaged in the business of general trucking, was an employer within the compensation law, and that the workman, if employed in that work and injured as the result of that employment, was entitled to compensation under the law.

There may be good reasons for doubting whether the evidence showing that the workman operated a truck in gathering and carrying away trash from the streets and other public places was sufficient to establish that the city was engaged in the extra-hazardous occupation which the statute calls ''general trucking.'' That point, also, is one we need not decide, but for the purposes of the case we shall give the workman the benefit of the doubt.

The evidence, however, failed to show that the workman was injured as the result of his employment in the work of general trucking; but, on the other hand, clearly showed that he was injured as the result of his employment in impounding animals, an occupation not extra-hazardous under the law. On this ground, the directed verdict was right.

We cannot agree with the workman in his contention that the work of impounding livestock running at large was incidental to the work of general trucking. He relies on the case of Crockett v. Industrial Acc. Com., 190 Calif. 583, 213 Pac. 969, 971. In that case the workman was engaged as a carpenter in converting a barn into a residence. While his principal task was carpentry, he was called on to do a number of jobs that did not call for the services of a carpenter, but were incidental to the work he was employed to do. He had been instructed by his employer to do whatever the employer's wife might demand of him. The workman's eye was injured while, at the request of the employer's wife, he was sweeping cobwebs and dirt from some floor joists. The California law under which the claim to compensation was prosecuted applied generally to all employments, with stated exceptions. The workman was entitled to compensation if at the time of his injury he was "performing service growing out of and incidental to his employment and * * * acting within the course of his employment." The employer contended that the injury was sustained while the workman was engaged in "household domestic service," an excluded employment. The court refused to disturb a finding by the Industrial Commission that the injury was sustained while the workman was performing services growing out of and incidental to his employment, and not while engaged in the excluded employment of household domestic services. The court distinguished two other California decisions, George v. Industrial Acc. Com., 178 Calif. 733, 174 Pac. 653, and Kramer v. Industrial Acc. Com., 31 Calif. App. 673, 161 Pac. 278. In each of the last mentioned cases the workman was employed as janitor, an occupation within the law, but because he was injured while doing horticultural work, an excluded employment, compensation was denied.

We think Crockett v. Industrial Acc. Com., supra, is distinguishable from the case at bar. The workman in the

Crockett case was not employed to do household domestic service, and the court held that a rational view of the evidence permitted the finding that the services he was performing at the time of the injury grew out of and were incidental to his employment in remodeling the barn. In the case at bar the workman was employed to do the work of poundmaster, an occupation not within the law, and was injured in that employment. Although the evidence showed that he was at times engaged in general trucking, an occupation within the law, he was not injured in that occupation, nor in any operation incidental to it.

The New York compensation law, like that of Wyoming, enumerates the hazardous employments covered by the act. Among the enumerated hazardous employments is the "operation, otherwise than on tracks * * * of trucks, wagons, or other vehicles." (Laws 1941, c. 41, Sec. 2, group 41 [superseded by Laws 1922, c. 615, Sec. 3]. In Glatzl et al. v. Stumpp, 220 N. Y. 71, 114 N. E. 1053, 1054, the injured workman's employer was engaged in carrying on the business of a florist, which was not a hazardous employment under the act. However, as an incident to his business, the florist operated a wagon in delivering flowers, and that was held to be a hazardous employment. The workman was hired to drive the wagon. He was injured by falling from a ladder while adjusting a window box at a house where flowers had just been delivered. The Industrial Commission found that the work in which the workman was injured was incidental to driving the delivery wagon, and awarded compensation. The order of award was reversed by the court of appeals because the court could observe no connection between the driving of the delivery wagon and the fall from the ladder which resulted in the injury. The court said, among other things, that:

"In order to charge the employer with liability under the Workmen's Compensation Law, the court must be able to see that the hazards which accompanied the duties of the employe have turned against him to his loss and damage."

In Newman v. Newman, 218 N. Y. 325, 113 N. E. 332, the employer was the proprietor of a meat market. The principal duty of the workman was the driving of a delivery wagon, but when not engaged in that duty, he did other jobs about the market. He was injured while on his way on foot to arrange for the preparation and care of a dressed hog, and to deliver a package of meat. While the accident occurred in the course of the employment, and the workman as the driver of the delivery wagon was within the act, compensation was denied because the workman was not injured while engaged in work incidental to the hazardous employment. See, also, Sickles v. Balliston etc. Co., 171 App. Div. 108, 156 N. Y. Supp. 864; Wincheski v. Morris, 179 App. Div. 600, 166 N. Y. Supp. 873; Compton v. Industrial Com., 288 Ill. 41, 122 N. E. 872; Seggebruch v. Industrial Com., 288 Ill. 163, 123 N. E. 276; Kramer v. Industrial Acc. Com., supra.

In the case at bar, the undisputed evidence clearly showed that the workman's injury was not sustained in an extra-hazardous employment, and his claim, therefore, was not within the statute. The court did not err in directing the verdict. The judgment is affirmed.

*Affirmed.*

BLUME, Ch. J., and RINER, J., concur.