Argued October 31, affirmed December 20, 1967

BESWICK, *Appellant, v.* STATE INDUSTRIAL
ACCIDENT COMMISSION, *Respondent.*

435 P. 2d 461

*Ronald L. Marceau,* Bend, argued the cause for
appellant. With him on the briefs were McKay, Pan-
ner, Johnson & Marceau, Bend.

*Cliff A. Allison,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Chief Counsel for the State Industrial Accident Commission, Salem.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Justices.

GOODWIN, J.

The question on this appeal is whether the employer of a pilot of an airplane was automatically covered by the former Workmen's Compensation Law. ORS 656.026; 656.084. The trial court held that the employer was not covered. Plaintiff appeals.

The plaintiff's decedent was employed by one Powell, who was engaged in the business of furnishing aircraft and pilots for various purposes, including crop dusting and forest-fire observation. The workman met his death in August 1965, in an accident which occurred while he was piloting a Forest Service observer on a fire-fighting mission.

The case is controlled by ORS 656.040,[①] which was in effect until January 1, 1966. An employer engaged in the business of operating aircraft for hire could elect to, but was not required to, contribute to the Industrial Accident Fund. Such an employer was treated in the manner provided by ORS 656.034 (for em-

---

[①] ORS 656.040 "Any employer engaged in the business of operating aircraft for hire may elect to contribute to the Industrial Accident Fund in the manner provided in ORS 656.034, if the employer has a fixed place of business and conducts an operation in this state, but not otherwise."

ployers not otherwise subject to the Workmen's Compensation Law).

The decedent's employer had not elected to obtain such coverage. The plaintiff, seeking to recover death benefits from the fund notwithstanding the employer's failure to obtain coverage, proceeded on the theory that the decedent at the time of his death was engaged in fire fighting, an occupation specifically brought under the automatic-coverage provisions of the Workmen's Compensation Law by ORS 656.084 (2) (which remained in effect until January 1, 1967).

At the time of the accident, the decedent was flying a plane on a mission required in performing a contract with the United States Forest Service. The contract required the decedent's employer to transport "trained government observers to detect and report forest fires in the Ochoco National Forest," and to "take all reasonable action to prevent and suppress forest fires on the contract area or in the vicinity thereof." Approximately one third of the employer's planes and pilots were engaged at the time in the performance of this Forest Service contract, and the other two thirds were engaged in crop dusting and miscellaneous air taxi services.

■ The trial court held that the business and occupation of the decedent's employer was that of operating aircraft for hire. This business was held to be unchanged by the fact that a substantial part of the activity of the business was devoted to performing a contract which took the hired aircraft into the skies over areas in which fire-fighting activities were being pursued. We agree that the decedent was engaged in operating an aircraft for hire within the meaning of ORS 656.040.

■ There is nothing in the record to suggest that fire-observation missions are substantially more dangerous than crop-dusting missions. We can take judicial notice that either kind of flying is an activity fraught with great risk of harm to the pilot if a mechanical or human failure should occur. The Legislative Assembly, for reasons of its own, had specifically excluded from automatic coverage the occupation of flying aircraft for hire. ORS 656.040.

We need not here attempt to explain the legislative motives for such a statute. Since the legislature intended the exclusion, it would be contrary to legislative intent to hold the fund liable by saying that the employer was engaged in fire fighting merely because a hired aircraft may have been engaged in an activity related to fire fighting. As far as the purposes of the statute were concerned, the business of the passenger did not substantially change the business of the pilot. Neither the pilot nor the employer was engaged in the business or occupation of fighting fire.

Affirmed.