Dorothy G. RANDELL, Appellant (Employee-Claimant),

v.

WYOMING STATE TREASURER, ex rel., WYOMING WORKER'S COMPENSATION DIVISION, Appellee (Respondent-Defendant).

No. 83–48.

Supreme Court of Wyoming.

Oct. 27, 1983.

Rehearing Denied Nov. 22, 1983.

Mitchell E. Osborn and Edward L. Grant of Grant & Grant, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Terry J. Harris, Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN, and CARDINE, JJ.

THOMAS, Justice.

The question posed in this case is whether the appellant, the Executive Director and Educational Consultant for the Wyoming State Board of Nursing, was covered under the provisions of the Wyoming Worker's Compensation Act, §§ 27–12–101 through 27–12–804, W.S.1977, when she incurred a disabling injury. Two theories are asserted by the appellant. First, she argues that she is a professional nurse employee, which is a category included in § 27–12–106, W.S. 1977, which in pertinent part provides:

"(a) The extrahazardous occupations and employees to which this act [§§ 27–12–101 through 27–12–804] applies are:

\* \* \* \* \* \*

"(xxxviii) Professional nurse employees, excepting private duty nurses."

Secondly, the appellant contends that she was covered under the circumstances in accordance with the provisions of § 27–12–107(b), W.S.1977, which provides in pertinent part as follows:

"(b) This act also applies to all other state employees, officers or persons working for the state \* \* \* while traveling in state owned vehicles or a duly authorized private vehicle, but only when the travel occurs in the performance of the employees' duties."

After hearing evidence in the case, the district court held that the appellant was not covered by the Wyoming Worker's Compensation Act under either theory. We are persuaded of the correctness of that determination by the district court under the applicable standards, and we shall affirm the judgment of the district court.

While not presenting a statement of the issues as such in her brief, the arguments of the appellant are succinctly stated as follows:

"APPELLANT IS ENTITLED TO BENEFITS UNDER THE WYOMING WORKERS' COMPENSATION ACT BY VIRTUE OF HER BEING A 'PROFESSIONAL NURSE EMPLOYEE,' ENUMERATED AS AN EXTRAHAZARDOUS OCCUPATION BY W.S. 27–12–106(a)(XXXVIII)."

"APPELLANT IS ENTITLED TO BENEFITS UNDER THE WYOMING WORKERS' COMPENSATION ACT AS SHE WAS A STATE EMPLOYEE COVERED 'WHILE TRAVELING IN . . . A

DULY AUTHORIZED PRIVATE VEHI-CLE ... IN THE PERFORMANCE OF THE EMPLOYEE'S DUTIES.' W.S. 27–12–107 (1977)."

The Wyoming State Treasurer, ex rel. Wyoming Worker's Compensation Division, in its brief which presents both the position of the State as employer and the State as administrator of the Worker's Compensation Act, states the issues in the following way:

"I. WHETHER APPELLANT DORO-THY G. RANDELL'S EMPLOYMENT AS EXECUTIVE DIRECTOR AND EDUCATIONAL CONSULTANT FOR THE WYOMING STATE BOARD OF NURSING CONSTITUTES EXTRAHAZARDOUS EMPLOYMENT AS A 'PROFESSIONAL NURSE EMPLOYEE' AS THAT TERM IS USED IN SECTION 27–12–106[a](xxxviii), W.S.1977.

"II. WHETHER APPELLANT DORO-THY G. RANDELL'S INJURY OCCURRED WHILE SHE WAS TRAVELING IN A DULY AUTHORIZED PRIVATE VEHICLE, AND IN THE PERFORMANCE OF APPELLANT'S DUTIES AS EXECUTIVE DIRECTOR AND EDUCATIONAL CONSULTANT FOR THE WYOMING STATE BOARD OF NURSING."

The appellant was employed as Executive Director and Educational Consultant for the State Board of Nursing from July 3, 1973, until she retired because of her disabilities flowing from the injury involved in this case, which she did on April 30, 1982. The injury was incurred on October 19, 1981. On that occasion the appellant was carrying materials to be used in administering the practical nurses examination the following morning, and she was on the way to her car in her parking space in the parking lot at the building in which her office was located. On the way to her car she tripped over a protruding curb elevated above the sidewalk and fell. This happened shortly before 5:00 p.m., and the appellant testified that she was on her way home, and that she had the testing materials with her because she intended to review them prior

to the examination and would then be able to proceed directly from her home to the testing site, which was a motel complex in Cheyenne, Wyoming, away from her office. As a result of the fall the appellant sustained injuries which were diagnosed as "a compression fracture, T–12, osteoporosis and degenerative disc disease of the lumbar spine initiated or aggravated by trauma." The appellant resigned as of April 30, 1982, because the disabilities resulting from her injury prevented her from resuming her duties.

Prior to her employment by the Wyoming State Board of Nursing the appellant had worked as a staff nurse, as an instructor and associate professor of nursing at several universities and as the director of a large public health nursing unit. There is no dispute with respect to her qualifications by both education and experience to be employed as a nurse. At the time she was injured she was licensed as a nurse in Colorado, Washington and Wyoming. With respect to her duties as the Executive Director and Educational Consultant for the State Board of Nursing the appellant testified that she frequently was required to be actually present in hospitals, clinics, nursing homes and schools where student nurses receive clinical training. The appellant further testified that her job involved the exercise of nursing judgment and knowledge as well as the performance of administrative functions. She was charged, as a part of her official duties, with administering the nursing licensing examinations given semi-annually to registered nurses who wished to practice in Wyoming.

The only witness other than the appellant who testified at the hearing was the Claims Supervisor for the Worker's Compensation Division. The Claims Supervisor testified that the State Board of Nursing maintained coverage under the Worker's Compensation Act only for its members when traveling in a state or duly authorized private vehicle. No requests had been made by the State Board of Nursing to extend coverage to its employees because they were engaged in

the extra-hazardous occupation of a professional nurse employee.

We shall deal first with the argument that the appellant, by statutory definition, was engaged in an extra-hazardous occupation. Coverage of state employees under the Worker's Compensation Act is governed by § 27–12–107, W.S.1977. Section 27–12–107(a) lists several specific jobs which are considered extra-hazardous occupations. There is no argument made that the appellant fit any of those categories, and her argument is premised upon coverage in accordance with § 27–12–107(b), which in the part pertinent to this contention states:

> "(b) This act also applies to all other state employees, officers or persons working for the state not specifically mentioned in subsection (a) of this section, including those of the legislative service office, when employed in an occupation enumerated by W.S. 27–315 [§ 27–12–106] as extrahazardous * * *."

Succinctly, it is the appellant's position that her employment comes within the category of "professional nurse employees" which is listed as an extra-hazardous occupation enumerated in § 27–12–106(a)(xxxviii), W.S.1977. Her assumption that she is a professional nurse employee is premised upon the requirement that she have nursing skills in order to fulfill the duties of her position. No further definition of the functions of "professional nurse employees" can be found in the Wyoming Worker's Compensation Act.

A definition section is, however, included in the provisions of the Wyoming Statutes regulating the profession of nursing, §§ 33–21–101 through 33–21–118, W.S. 1977. Section 33–21–101 provides in part as follows:

> "(a) When used in this act [§§ 33–21–101 to 33–21–118], the terms herein have the following meanings:
>
> "(i) The practice of 'professional nursing' is the accountable performance for compensation of any act, or the making of any decisions, requiring substantial specialized knowledge, judgment and skills that must be acquired from accredited schools of professional nursing, based upon the application of principles of physical, biological and behavioral sciences that will assist the public in attaining better health status by:
>
> "(A) Administering medical regimens as prescribed by a licensed or legally authorized physician or dentist;
>
> "(B) Using the nursing process of:
>
> "(I) 'Nursing assessment or nursing diagnosis' meaning the identification of the health status and needs of an individual recognizing that that individual is a physical, social and psychological being;
>
> "(II) 'Nursing planning' meaning the formulation of a program of action to meet those needs identified through nursing assessment or nursing diagnosis;
>
> "(III) 'Nursing intervention' meaning the implementation of the program of action;
>
> "(IV) 'Nursing evaluation' meaning a continuing appraisal of the effectiveness of the nursing assessment, nursing diagnosis, nursing planning and nursing intervention;
>
> "(C) Initiating health care; delegating, supervising, instructing and counseling for the promotion of well-being, maintenance of health and prevention of illness;
>
> "(D) Performing such additional acts under emergency situations and other expanded roles requiring additional education and training, which are recognized by the medical and nursing professions as appropriate to be performed by a registered professional nurse. The foregoing does not include acts of medical diagnosis or prescription of medical therapeutic or corrective measures, except as may be authorized by rules and regulations jointly promulgated by the Wyoming state board of nursing and the Wyoming state board of medical examiners and which shall be implemented by the Wyoming state board of nursing.
>
> "(E) Professional nurses functioning within the provisions of W.S. 33–179.–1(a)(i)(D) [paragraph (a)(i)(D) of this section] shall be regulated in accordance with rules and regulations jointly promulgated by the Wyoming state board of

nursing and the Wyoming state board of medical examiners. The rules and regulations shall define the degree of participation and supervision of the licensed physicians, where appropriate."

The district court quite aptly contrasted that definition with the provisions of § 33–21–104, W.S.1977, outlining powers and duties of the Wyoming State Board of Nursing. That statute reads as follows:

"(a) The board, in addition to powers and duties provided by law, shall have the following powers and duties:

"(i) To adopt and revise rules and regulations necessary to effectuate the provisions of this act [§§ 33–21–101 to 33–21–118];

"(ii) To establish minimum criteria for curriculum and prescribe standards for educational programs preparing persons for licensing.

"(iii) To accredit programs which meet the requirements of the board;

"(iv) To provide for surveys of nursing educational programs as deemed necessary by the board;

"(v) To deny or withdraw accreditation from educational programs for failure to meet prescribed curricula or other standards, after reasonable notice and hearing;

"(vi) To examine, license, renew the license of and issue temporary permits to duly qualified applicants;

"(vii) To set fees for licensing and renewal of licenses within the maximum limit provided by the act;

"(viii) To revoke or suspend license if deemed necessary;

"(ix) To initiate the prosecution of person violating the act; and

"(x) To maintain a permanent file of nurses who are on inactive status and to reactivate the status of the nurses when appropriate."

The district judge then noted that the business of the Wyoming State Board of Nursing and the claimant as its Executor Director and Educational Consultant was quite different from the duties of a professional nurse employee. In considering whether the evidence established that the appellant worked as a professional nurse employee, the district judge in his decision letter stated:

" * * * There is no testimony that her business for the state is the administering of prescribed medical regimens to patients; the state business administered by the claimant does not require the claimant to apply the 'nursing process' upon individual patients nor does it involve the initiation of health care; acts in emergency situations, nor any of the functions of nurse employees at hospitals or other institutions. Although the State of Wyoming and the claimant are vitally concerned and play a most significant role in the level at which professional nursing is conducted in Wyoming, the Wyoming state nursing board does not deliver nursing services."

The burden of proof by a preponderance of the evidence in worker's compensation cases is assigned to the claimant. *Matter of Van Matre,* Wyo., 657 P.2d 815 (1983); *Alco of Wyoming v. Baker,* Wyo., 651 P.2d 266 (1982); and *Black Watch Farms v. Baldwin,* Wyo., 474 P.2d 297 (1970). In a number of prior cases we find reflected the proposition that it is a question of fact to be determined by the trial court as to whether an employee is employed in an extra-hazardous occupation. *Alco of Wyoming v. Baker,* supra; *Claim of Merritt,* Wyo., 455 P.2d 661 (1969); *Rocky Mountain Tank & Steel Co. v. Rager,* Wyo., 423 P.2d 645 (1967); *In re Gimlin,* Wyo., 403 P.2d 178 (1965); *In re Sikora,* 57 Wyo. 57, 112 P.2d 557 (1941); *In re Roby,* 54 Wyo. 439, 93 P.2d 940 (1939); *In re Pope,* 54 Wyo. 266, 91 P.2d 58 (1939); *Fox Park Timber Co. v. Baker,* 53 Wyo. 467, 84 P.2d 736, 120 A.L.R. 1020 (1938); *In re Lamont,* 48 Wyo. 56, 41 P.2d 497 (1935); *Ideal Bakery v. Schryver,* 43 Wyo. 108, 299 P. 284 (1931); *Leslie v. City of Casper,* 42 Wyo. 44, 288 P. 15 (1930); and *In re Karos,* 34 Wyo. 357, 243 P. 593 (1926). This court will not invade the province of the fact finder and reach a different factual conclusion in any appealed case if there is substantial evidence to sup-

port the findings made below. *Matter of Creek,* Wyo., 657 P.2d 353 (1983); *Mor, Inc. v. Haverlock,* Wyo., 566 P.2d 219 (1977); and *Rocky Mountain Tank & Steel Co. v. Rager,* supra.

The evidence in this case is deficient with regard to whether the Wyoming State Board of Nursing is engaged in an extra-hazardous occupation. The appellant emphasizes the fact that her job required her to possess the skills and training necessary to be licensed as a nurse. That fact alone is not dispositive of the threshold question of whether the Wyoming State Board of Nursing was engaged in an extra-hazardous occupation as required by the Wyoming Worker's Compensation Act. *Alco of Wyoming v. Baker,* supra; *Claim of Merritt,* supra, and *In re Lamont,* supra. The principal duties of the Board as defined by § 33–21–104, W.S.1977, result in the conclusion that it is primarily concerned with administration and regulation of the practice of nursing within the state. Nothing in the evidence offered by the appellant demonstrates that the Wyoming State Board of Nursing is engaged in the actual practice of "professional nursing." See Section 33–21–101(a)(i), W.S.1977.

Section 27–12–107(c), W.S.1977, pledges the State of Wyoming to contribute the sum of money found due as a premium for Worker's Compensation coverage on all state employees. The state agencies are made responsible for administering the act as an employer with respect to the employees of that agency and for filing quarterly payroll reports. Under this statute it is clear that the State of Wyoming has recognized that through its agencies it engaged in extra-hazardous occupations. It is equally clear that not all state employees are intended to be covered. This individual treatment of the state agencies and their employees for determination of coverage is analogous to the rule which recognizes that in some phases a private employer's business may be covered by worker's compensation and it may not be covered as to other phases. *Claim of Merritt,* supra; *Rocky Mountain Tank & Steel Co. v. Rager,* supra; *In re Gimlin,* supra, and *Leslie v. City of*

*Casper,* supra. In this regard we also note the testimony of the Claims Supervisor for the Worker's Compensation Division that no coverage had been maintained by the Wyoming State Board of Nursing for its employees except when they were traveling in a state or duly authorized private vehicle. To the extent that the statutory provisions must be construed in resolving the problem in this case, some deference should be given to the construction of the statutes by the Wyoming State Board of Nursing and the Worker's Compensation Division of the Office of the Wyoming State Treasurer. *Matter of Hasser,* Wyo., 647 P.2d 66 (1982); *Demos v. Board of County Commissioners of Natrona County,* Wyo., 571 P.2d 980 (1977).

The general rule is that if an employer is not engaged in an extra-hazardous occupation as part of its activities, then the hazardous quality of the individual employee's own work activities is not considered material. 1C Larson, Worker's Compensation Law, § 55.41, p. 9–235 (1982). See *Beswick v. State Industrial Accident Commission,* 248 Or. 456, 435 P.2d 461 (1967); and *Thomas v. Gardner,* 75 N.M. 371, 404 P.2d 853 (1965). While the appellant definitely perceives herself as having been involved in an extra-hazardous occupation, the statutory functions of her employer do not suggest that. Neither does the evidence support the proposition that the Wyoming State Board of Nursing is engaged in the practice of "professional nursing" so as to make the appellant a professional nurse employee within the statutory definition. We agree with the district court that the appellant did not meet her burden of proof with respect to demonstrating her coverage under those provisions of § 27–12–107(b) relating to employment in an occupation enumerated as extra-hazardous.

We turn then to the question of whether the appellant was injured "while traveling in state owned vehicles or a duly authorized private vehicle, but only when the travel occurs in the performance of the employees' duties." We recall briefly the

facts noted above which are that at the time of her injury the appellant was walking from her office to her automobile to return to her home, and while doing so she was carrying materials to be used in connection with a nursing examination to be given the following day. In this regard the district court found that the travel contemplated at the time the injury was incurred was not in a duly authorized private vehicle. The court noted the absence of any evidence that the State of Wyoming maintains any authority over an employee's mode of conveyance to and from work, and further that there was no satisfactory evidence that the appellant was traveling in the performance of her duties. Furthermore, the court noted that there was no evidence that at the time of the fall the appellant was doing anything with respect to the vehicle other than walking across the parking lot to it. Essentially, then, the district court concluded that the evidence failed to support the burden of proof assigned to the appellant to demonstrate that she was at the time of the injury "traveling in * * * a duly authorized private vehicle, but only when the travel occurs in the performance of the employees' duties." In our view the evidence as set forth in the record supports the factual determinations by the district court, and leads to the conclusion that the appellant was not covered under this aspect of the Wyoming Worker's Compensation Act.

The appellant urges upon the court the concept of liberal construction of the Worker's Compensation Act in favor of the claimant, citing *Wright v. Wyoming State Training School,* 71 Wyo. 173, 255 P.2d 211 (1953). The court does not deny that legal proposition, but notes that it is tempered by a requirement that a construction not be afforded which results in an extension of the coverage to situations which are not reasonably within the language of the statute. *Alco of Wyoming v. Baker,* supra; *In re Hardison,* Wyo., 429 P.2d 320 (1967). It is our conclusion that the statute cannot in this instance be construed in a manner which overcomes the factual determinations of the district court. The appellant has failed to produce evidence which brings her within the coverage extended by the statute.

The order of the district court denying the appellant's application and claim for benefits under the Wyoming Worker's Compensation Act must be affirmed.