STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellant (Petitioner),

v.

Jerry MAHONEY, Appellee (Respondent).

No. 90–52.

Supreme Court of Wyoming.

Oct. 11, 1990.

Joseph B. Meyer, Atty. Gen., and Larry Donovan, Sr. Asst. Atty. Gen., argued, for appellant.

George Santini, argued, of Graves, Santini & Villemez, Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

CARDINE, Justice.

Jerry Mahoney, a Wyoming state employee, was injured when she slipped and fell on a boat dock. After a contested case hearing before the Wyoming Worker's Compensation Division, a hearing officer awarded Ms. Mahoney worker's compensation benefits for her injuries. The State filed a petition for judicial review which the district court certified for our consideration under W.R.A.P. 12.09.

We reverse.

The State's brief raises two issues:

"I. Whether the administrative hearing in this case met the standards required by the Wyoming Administrative Procedures Act.

"II. Whether the administrative hearing officer erred as a matter of law when he granted worker's compensation coverage to a state employee who slipped and fell on a boat dock."

Jerry Mahoney was employed as a senior insurance examiner by the Wyoming Insurance Department. She traveled frequently in connection with her employment to audit out-of-state insurers conducting business within the State of Wyoming. She was paid both mileage and a per diem rate for such trips.

On July 29, 1988, she was returning to Cheyenne from one such trip to Kansas City, Missouri in her motor home, a vehicle in which she was authorized to travel on state business. She pulled off the highway at approximately 7:30 p.m. to stop for the night. She parked her motor home near the cabin of a friend in the area of Louisville State Recreation Area in eastern Nebraska.

That evening, she decided to swim in a nearby lake. While approaching the lake, she slipped and fell on a boat ramp and injured her wrist. Her injury required a night's hospital stay in Papillion, Nebraska, after which she recuperated for a few days at her daughter's house in Omaha.

Ms. Mahoney filed a claim for worker's compensation for the injury to her wrist. The State disputed her claim. After a contested case hearing held on March 1, 1989, the hearing officer held that Ms. Mahoney was, at the time of her injury, a "traveling state employee" within the meaning of W.S. 27–14–103(c) and that her injury arose out of, and in the scope and course of, her employment. The hearing officer then entered an award of worker's compensation benefits.

We address appellant's second issue first. Our holding on this issue is dispositive, which makes it unnecessary for us to consider the procedural grounds for reversal urged by appellant.

In reviewing a worker's compensation determination, we apply the standard of review for agency decisions. *Hohnholt v. Basin Electric Power Co-op*, 784 P.2d 233, 234 (Wyo.1989). Our review of administrative action is confined to the factors set forth in W.S. 16–3–114(c) and W.R.A.P. 12.-09. *Employment Security Commission v. Western Gas Processors, Ltd.*, 786 P.2d 866, 870 (Wyo.1990). Wyoming Statute 16–3–114(c) provides as follows:

"To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

"(i) Compel agency action unlawfully withheld or unreasonably delayed; and

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

"(B) Contrary to constitutional right, power, privilege or immunity;

"(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

"(D) Without observance of procedure required by law; or

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

In this case, we are called on to determine whether W.S. 27–14–103(c) was correctly interpreted as providing coverage for Ms. Mahoney's injuries. The relevant portion of W.S. 27–14–103(c) reads as follows:

"This act also applies to all other state employees, officers or persons working for the state * * * *while traveling by state owned vehicles or a duly authorized private vehicle, but only when the travel occurs in the performance of the employees' duties.*" (emphasis added)

Under the scheme of the Wyoming Worker's Compensation Act, employees are

afforded coverage only if their occupation or activity falls within one of the enumerated categories of extrahazardous activities listed in W.S. 27–14–103. Ms. Mahoney's employment is not within any of the enumerated categories and therefore she is not ordinarily covered by worker's compensation. Coverage may be extended to her when she is traveling in a vehicle as provided in W.S. 27–14–103(c). Thus, at issue in this case is the interpretation of the last clause of subsection (c), extending the protections of the Act to state employees traveling by state-owned vehicle or a duly-authorized private vehicle.

Initially, we note it is undisputed that Ms. Mahoney's motor home was a "duly authorized private vehicle" within the meaning of the statute. In dispute is whether Ms. Mahoney's injuries occurred while "traveling by * * * private vehicle" within the performance of her duties as contemplated by the statute. In order to determine whether Ms. Mahoney falls within the statute, we must determine the meaning of the phrase "while traveling by * * * vehicle."

▨ In reaching our conclusion, we are mindful of the principle that the worker's compensation statutes are to be liberally construed in favor of compensation for the injured claimant. *Seckman v. Wyo–Ben, Inc.*, 783 P.2d 161, 165 (Wyo.1989). We normally accord some weight to the construction of a statute by an administrative agency unless the agency's construction is clearly erroneous. *Town of Pine Bluffs v. State Board of Control*, 647 P.2d 1365, 1367 (Wyo.1982). We will not, however, under the guise of statutory construction, extend coverage to situations which are not reasonably contemplated by the statutory language. *Matter of Van Matre*, 657 P.2d 815, 818 (Wyo.1983); *Randell v. Wyoming State Treasurer, ex rel. Worker's Comp. Div.*, 671 P.2d 303, 309 (Wyo. 1983).

Coverage under the last clause of W.S. 27–14–103(c) is extended to circumstances in which an employee is traveling by an authorized private vehicle. The phrase in question has two distinct elements: *while*

*traveling* and *by vehicle*. In interpreting a statute, every word, clause and sentence must be considered so that no part will be rendered inoperative or superfluous. *Story v. State*, 755 P.2d 228, 231 (Wyo.1988). Each element must be given meaning.

▨ We hold that by using the words *by vehicle* in this context, the legislative intent was to cover the particular dangers connected with transportation by a motor vehicle. Had the legislature intended to provide coverage for the dangers associated with traveling on state business in general, it need not have used the phrase *traveling by vehicle*. Coverage under a particular provision of the Act is not limited to those risks which caused the legislature to enact it. *In re Gimlin*, 403 P.2d 178, 182 (Wyo.1965). However, an injury must result from a duty which is at least incidental to covered employment. *Rocky Mountain Tank & Steel Co. v. Rager*, 423 P.2d 645, 647 (Wyo.1967). Thus, we hold that injuries to be covered under the relevant clause of W.S. 27–14–103(c) must be at least incidental to travel by motor vehicle.

This interpretation is consistent with our holding in *Randell*, 671 P.2d 303. In *Randell*, a claim similar to the present one was made by a former director of the State Board of Nursing who tripped and fell on a curb in a parking lot while approaching her vehicle. Ms. Randell was on her way home and was carrying a stack of testing materials which she planned to review there. She claimed coverage under the "traveling in state owned vehicles" language of W.S. 27–12–107(b) (December 1977 Repl.), a predecessor to W.S. 27–14–103(c). We noted, in affirming denial of benefits, that "there was no evidence that at the time of the fall the appellant was doing anything with respect to the vehicle other than walking across the parking lot to it." *Randell*, at 309.

▨ Turning to the facts of this case, we find that Ms. Mahoney's injuries were not related to motor vehicle transportation at all, but to recreational swimming. She had already stopped her motor home for the night. Her accident occurred at an undetermined distance from the roadway and

was unrelated to the fact that she had been driving earlier in the day on state business. Therefore, she failed to satisfy the requirement that her injury occur "while traveling by * * * vehicle."

Appellee correctly points out that injuries sustained by an employee traveling to and from a jobsite are covered where the employee is reimbursed by his employer for the cost of such travel. *Matter of Willey*, 571 P.2d 248 (Wyo.1977). Ms. Mahoney claims that because she was paid a per diem allowance to cover her expenses while traveling, pursuant to W.S. 9–3–102 (June 1987 Repl.), that the *Willey* coverage rule applies to the entire day on which she was traveling.

We note that the per diem provisions in W.S. 9–3–102 (June 1987 Repl.) deal with reimbursement for lodging, meals, and gratuity expenses. These expenses are not incidental to travel by motor vehicle. Thus, they are irrelevant to Ms. Mahoney's claim under our reading of W.S. 27–14–103(c). In any case, we decline to read *Willey* so broadly.

Appellee also relies on our decision in *Wyoming State Treasurer ex rel. Workmen's Comp. Dept. v. Boston*, 445 P.2d 548 (Wyo.1968). In *Boston*, employees, engaged in a side trip which did not constitute abandonment of their travel to and from work, were covered when injured in an accident which occurred after they had returned to their appointed route. *Boston* involved an accident which occurred while the claimants were driving. Thus, it is factually distinguishable from this case.

Appellee points to no decision of this court relating to transportation to and from work in which we have upheld compensation for non-vehicle related injuries.

The hearing officer's finding that Ms. Mahoney was entitled to benefits based on W.S. 27–14–103(c) was erroneous as a matter of law.

Reversed.