In the Matter of the Worker's Compensation Claim of James F. PATCH, an employee of Wyoming Liquor Commission.

STATE of Wyoming, ex rel. WYOMING WORKER'S COMPENSATION DIVISION, Appellant (Objector–Respondent),

v.

James F. PATCH, Appellee (Employee–Petitioner).

No. 90–50.

Supreme Court of Wyoming.

Oct. 15, 1990.

George Santini, argued, of Graves, Santini & Villemez, Cheyenne, for appellee.

Before CARDINE, C.J.*, and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Justice.

James Patch suffered a back injury while working at the Wyoming Liquor Commission (commission) warehouse. He was denied worker's compensation benefits by the administrative hearing examiner. The district court overruled the hearing examiner, finding Patch was a covered employee and awarded him worker's compensation benefits.

We affirm the decision of the district court.

Appellant Wyoming Worker's Compensation Division frames the issue as:

"Whether the district court's decision overruling the administrative law judge is contrary to law."

By statute, the Wyoming Liquor Commission is the exclusive wholesale distributor and seller of alcoholic liquor within the state. W.S. 12–2–301. It purchases liquor at wholesale, stocks the liquor in its warehouse in Cheyenne, and sells it at a profit to licensed retail outlets. See W.S. 12–2–303. Patch, a liquor commission warehouse employee, hurt his back on April 7, 1988, while unloading, by hand, a shipment of liquor from a semi-trailer.

The Wyoming Liquor Commission and the Worker's Compensation Division objected to Patch being awarded benefits, claiming he was not a covered employee because his occupation was not extrahazardous nor had the commission elected to have him covered under worker's compensation. See W.S. 27–14–103 (June 1987 Repl.). The claim for worker's compensation benefits was heard by the office of administrative hearings. See W.S. 27–14–601 through –603 (June 1987 Repl.). The hearing officer found Patch was not covered because of a May 4, 1984 letter from the principal compliance officer of the Worker's Com-

Joseph B. Meyer, Atty. Gen., Robert A. Nicholas, Sr. Asst. Atty. Gen., and Larry Donovan, Asst. Atty. Gen., argued, for appellant.

* Chief Justice at time of oral argument.

pensation Division to the liquor commission stating that the commission's clerical and warehouse workers were not covered employees and because the work done at the commission warehouse did not fit the statutory definition of "warehousing."

On petition for review, the district court reversed the hearing examiner's determination. The court reasoned that the liquor commission's warehouse operation, due to its unique arrangement of wholesaler selling liquor to a retailer, fit sufficiently into the definition of "warehousing" as contained in W.S. 27–14–103(f)(x). The court concluded that if Patch had been employed by a private employer, he would be entitled to worker's compensation benefits. The court held that under W.S. 27–14–103(c), as a state employee engaged in an extrahazardous occupation, he was covered.

■ Disposition of this case depends on whether the work for which Patch was employed fell under one of the classifications of extrahazardous employment.[1] Wyoming Statute 27–14–103(a) includes "warehousing" in a lengthy list of occupations which are extrahazardous. The Wyoming Worker's Compensation Act defines the term "warehousing" as

"an operation which *principally* stores for hire goods belonging to other persons, and does not include the storage of goods belonging to the operator of the business when the storage is incidental to the sale of the goods to their ultimate consumer[.]" W.S. 27–14–103(f)(x) (emphasis added).

Our task is to determine the meaning of "warehousing" in the context of the Worker's Compensation Act and to determine whether the job Patch performed fell within that category.

■ A statute must be viewed in terms of its object and purpose. *Halliburton Co. v. McAdams, Roux and Associates,* 773 P.2d 153, 155 (Wyo.1989). The Worker's Compensation Act merits a liberal construction in favor of the worker whenever possible, so that the legislative goals that obviously are intended may be accomplished. *Seckman v. Wyo–Ben, Inc.,* 783 P.2d 161, 165 (Wyo.1989). The purpose of worker's compensation is to provide social insurance to victims of industrial accidents so that the employee can recover for injuries without proof of fault on the part of the employer. *Barnette v. Doyle,* 622 P.2d 1349, 1353 (Wyo.1981). Every word in a statute must be given meaning. *Thomson v. Wyoming In–Stream Flow Committee,* 651 P.2d 778, 787 (Wyo.1982).

■ The legislature added the "warehousing" definition when it recodified the Worker's Compensation Act in 1975. 1975 Wyo.Sess. Laws ch. 149. The first part of the definition is qualified by word "principally." The second part of the definition excludes from warehousing goods stored by the owner for sale to the ultimate consumer. If the second part of the definition were intended to exclude all warehouses operated by owners of goods, then the phrase "when the storage is incidental to the sale of the goods to their ultimate consumer" would be surplusage. We conclude that definition was intended to exclude the storage areas of retail outlets, such as grocery stores, pharmacies and the like, without excluding other storage operations such as where the operator-wholesaler owns the goods being stored and the storage is incidental to a sale to a retailer. *Cf. Kelley v. Risenhoover,* 470 P.2d 334, 336 (Okla.1970). Since the storage of goods at the commission's warehouse is incidental to their sale to a retailer who is not the ultimate consumer, we hold that the commission is engaged in the extrahazardous occupation of "warehousing" within the Worker's Compensation Act.

■ Unless specifically defined by the legislature, the enumerated types of extrahazardous occupations or employees are to embrace jobs that reasonably and liberally fit a description. *In re Gimlin,* 403 P.2d 178, 181 (Wyo.1965). The fit here is not unlike the fit in *Gimlin* where the employ-

1. Wyoming is presently the only state where a distinction between hazardous and nonhazardous employment is relevant in determining whether an employee qualifies for benefits. 1C, A. Larson, The Law of Workmen's Compensation § 55 (1990).

ee was killed piloting a plane with a passenger hunting for coyotes. *Id.* at 180. Fremont County paid for this service. *Id.* We held that the pilot fit under the extrahazardous occupation of "county trapper." *Id.* at 181. *See* W.S. 27–14–103(a)(xxix) and W.S. 27–57(A) (1957).

We distinguish this case with *Randell v. Wyoming State Treasurer, ex rel. Wyoming Worker's Comp.Div.,* 671 P.2d 303 (Wyo.1983). In *Randell,* the executive director of the Wyoming State Board of Nursing was denied worker's compensation benefits because the statutory functions of the Board of Nursing were administrative and not those of an extrahazardous occupation. *Id.* at 308. The same cannot be said of the Wyoming Liquor Commission. Although the commission does have some administrative functions, the commission also has the statutory function of purchasing liquor at wholesale and selling it at a profit to licensed retail outlets. W.S. 12–2–301 through –306. The holding in *Randell* has no application here.

By holding that Patch is entitled to benefits as a covered employee, we are not ignoring the May 1984 division determination that liquor commission warehouse employees are not covered. We normally accord some weight to the construction of a statute by an administrative agency unless the agency's construction is clearly erroneous. *Town of Pine Bluffs v. State Bd. of Control,* 647 P.2d 1365, 1367 (Wyo.1982).

Greater weight will also be accorded if the legislature has failed to change the statute over a long period of time especially when legislative knowledge may be implied by virtue of the promulgation of written regulations. *Id. See also In re Roby,* 54 Wyo. 439, 93 P.2d 940 (1939). No reason or analysis of the statute is given for the conclusion drawn in the May 1984 letter. The record contains no evidence that the conclusion in the letter was promulgated in a regulation. Furthermore, the legislature has acted recently to amend W.S. 27–14–103 to include the affirmative statement that *"[a]ll employees* of the Wyoming liquor commission" are covered under the Worker's Compensation Act. W.S. 27–14–103(b)(xii) (1990 Cum.Supp.) (emphasis added). Thus, the legislature disagreed with the division's conclusion that some liquor commission employees were not covered. We hold the commission's conclusion in the May 1984 letter to be clearly erroneous for the reasons set out above. The decision of the district court granting benefits to appellee is

Affirmed.