**Ellen Marie YENTZER, Paul F. Reinke, Jeanette Reinke, Fred E. Reinke, and Luella E. Reinke, Appellants (Contestees and plaintiffs below),**

v.

**Ruth Gonder HEMENWAY et al., Appellees (Contestants and defendants below).**

No. 3632.

Supreme Court of Wyoming.

May 28, 1968.

Leonard McEwan, Sheridan, for appellees.

PER CURIAM.

Appellees have petitioned the court for rehearing, urging error because: a motion to dismiss was not considered and resolved by the court; the question of availability was not raised by the appellants; appellees should now be afforded an opportunity to advise the court on this point; and as to nonavailability of water, the record shows it to have been available during a major part of each irrigation season or a portion thereof and any nonavailability was caused by facts under appellants' control.

■ A reassessment of the cause discloses that the motion to dismiss for failure of appellants to file a brief within time and to comply with Supreme Court Rule 12(c) (3) and (5) was not denied specifically since the court deemed the denial thereof inherent in the disposition of the cause on its merits; notwithstanding the present averments of the appellees to the contrary, the question of the availability of water was raised by appellants in their brief; as to the claim that a part of appellants' water was available during the major part of each irrigation season or that at least during a portion of each season ample water was available and that whenever it was unavailable this was caused by factors under appellants' control, we note that this aspect was fully argued in the cause and was resolved in the opinion.

■ If as the appellees insinuate the abandonment heretofore decreed by the board has been improperly reduced first by the trial court and later by this court, 440 P.2d 7,[1] such reduction unavoidably results from a failure of the record to disclose evidence sufficient to sustain the order and is not immediately remediable. The lack of evidence may, of course, denote the unsoundness of contestants' cause, but on the other hand may have been occasioned by oversights of litigants or counsel in taking for granted information peculiarly within the knowledge of the board of control and undisclosed in the proceedings. No claimed inequities need be permanent since water within the boundaries of Wyoming has been declared to be the property of the State and priority of appropriation for beneficial uses is given the better right with no place accorded to the dog-in-the-manger irrigator to improperly take or waste this vital public resource, and by their very nature the rights to the continued beneficial use of water present a recurring problem which in this as in similar instances will undoubtedly receive the careful scrutiny of the board of control so that the best interests of the State and its people may be served.

Denied.

1. The original action concerned contestees' appropriation for 99.83 cfs attaching to 6,978 acres of land, the board declaring 20.05 cfs for 1,404 acres to have been abandoned. As to the original appropriations affected by this appeal, the board declared 15.47 cfs attaching to 1,083 acres abandoned; the trial court reduced this to 10.62 cfs for 744 acres; and this court directed the trial court to amend its order so that there would be no abandonment of appropriation attaching to 287 of the 744 acres.