**KEARNEY LAKE, LAND & RESERVOIR COMPANY, a corporation, Appellant (Plaintiff below),**

v.

**LAKE DeSMET RESERVOIR COMPANY, a corporation, Appellee (Defendant below).**

No. 3829.

Supreme Court of Wyoming.

Oct. 22, 1970.

Burgess, Kennedy & Davis, Sheridan, for appellant.

W. J. Wehrli, Casper, and William J. Kirven, Buffalo, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Plaintiff, allegedly a Wyoming reservoir corporation engaged in the business of storing water from a tributary of Piney Creek, Johnson County, and distributing same to its stockholders for irrigation purposes, brought an action against defendant, also a Wyoming reservoir corporation engaged in storing water "from Piney Creek into Lake DeSmet," downstream from plaintiff, and sought to have defendant's permits in excess of 12,160 acre feet declared abandoned and forfeited because there had been no beneficial use of the water above that amount. Defendant filed a motion to dismiss because of failure to state a claim upon which relief could be granted; the court after argument and consideration found that the motion should be sustained and entered judgment dismissing the complaint. Plaintiff has appealed. We are unadvised of the views on which the trial court based its determination but assume that the arguments here presented are substantially similar to those below.

Plaintiff's thesis is that under the Wyoming Constitution, Art. 8, § 1, water belongs to the State and under § 41–26, W.S.1957, it can be stored only by authority of a permit for appropriation and that

unless it is beneficially used it is subject to abandonment under the provisions of the statutes.

According to the complaint, defendant has primary permits for 55,129 acre feet, other filings amounting to 55,833 acre feet from Piney Creek for storage in Lake De-Smet, and has annually diverted and stored amounts of water sufficient to equal releases, maintaining in the Lake, prior to seasonal releases, 87,729 acre feet of water. The amounts used beneficially for agricultural purposes during the last nine years were allegedly:

| 1966 | 12,160 |
| 1965 | 4,686.50 |
| 1964 | 7,550.06 |
| 1963 | 8,387 |
| 1962 | 2,301 |
| 1961 | 10,340 |
| 1960 | 13,349 |
| 1959 | 7,675 |
| 1958 | 5,460.16 |

Since the propriety of the dismissal depends upon the existence of a fatal defect in the complaint, defendant's contentions and argument to that effect are important and warrant discussion. Although counsel present various peripheral criticisms, their main argument proceeds substantially along the following lines:

1. Without alleging loss or impairment of the use of its rights, plaintiff is not entitled to relief.

2. General allegations as to irreparable injury are insufficient.

3. Under the facts pleaded, the court is without jurisdiction to grant the relief demanded.

4. Rules relating to beneficial use do not support plaintiff's claim.

We are unimpressed with the argument, assertions, or authorities on the first point because they are for the most part based upon and stem from pronouncements relating to injunctive relief. It is true that the prayer of the complaint requests an injunction against defendant, enforcing and restraining it from diverting the claimed overages from Piney Creek, but such request is incidental to the basic relief sought, i. e., abandonment of certain water rights held by defendant. Accordingly, it becomes unnecessary to analyze and discuss the cases and authorities from other jurisdictions, which counsel have presented on the subject, since these do not deal with abandonment under statutes similar to those in this State. For a cognate reason, there is no relevancy here of the contention that general allegations as to irreparable injuries are insufficient since as is evident from the cases cited such postulate is warranted only if the primary relief sought is of injunctive nature. Although defendant insists plaintiff's complaint must allege an impairment of rights to use water under its permits before a claim is stated and cites three Wyoming cases [1] neither the argument nor precedents convince us that under the provisions of § 41–48, W.S.1957, initiation of proceedings for abandonment can be brought only by one who has already suffered injury. As to the contentions that the court was without jurisdiction, we have often indicated the advisibility of commencing any proceedings relating to abandonment before the board of control, the personnel thereof having peculiar knowledge and expertise as to the technicalities involved as well as the realities and records pertaining to the use or nonuse of water,[2] and we have had no hesitancy in calling to the attention of the legislature the need for proper study and statutory change.[3] Furthermore, in view of the provisions of the Wyoming Administrative Procedure Act, §§ 9–276.19 to 9–276.33, W.S.1957 (1969 Cum.Supp.), which inter alia gives to the board discovery powers, it would appear that the usual abandonment proceeding should be initiated before the board of control. Even in actions of which the district court has jurisdiction and the

1. Yentzer v. Hemenway, Wyo., 440 P.2d 7, 441 P.2d 320; Anderson v. Wyoming Development Co., 60 Wyo. 417, 154 P. 2d 318; Horse Creek Conservation Dist. v. Lincoln Land Co., 54 Wyo. 320, 92 P. 2d 572.

2. Wheatland Irrigation District v. Pioneer Canal Co., Wyo., 464 P.2d 533, 543; Laramie Rivers Co. v. LeVasseur, 65 Wyo. 414, 202 P.2d 680, 694–695.

3. Louth v. Kaser, Wyo., 364 P.2d 96, 102.

question of abandonment, not previously litigated, becomes an issue, there should be utilization of the board of control—perhaps somewhat along the lines provided in Rule 53, W.R.C.P., for masters. However, as we will hereinafter indicate, these proceedings were also subject to dismissal on other grounds.

Before addressing ourselves to plaintiff's specific allegations, we should first review the general status of the law as to abandonment. While the legislature has, as to water rights *via reservoirs*, established no maximum allotment of water per unit of land as a counterpart to that relating to the use of direct flow (§ 41–181, W.S.1957), such circumstance does not alter the fact that the constitution provides generally, "The water of all natural streams, springs, lakes or other collections of still water, within the boundaries of the state, are hereby declared to be the property of the state," [4] and "Priority of appropriation for beneficial uses shall give the better right." [5] In their effectuation of the constitutional provisions, numerous statutes specifically make rights to reservoir water in this State dependent upon beneficial use. Before focusing on some of the statutes, we should perhaps mention that while we can agree with defendant a reservoir owner can make storage of a quantity of water within the limitation of its rights to water as recognized by the board of control—in the instant case allegedly 110,962 acre feet—counsel are in error in saying, "[I]n the face of the decision of this Court in Lake De Smet Reservoir Company v. Kaufmann [75 Wyo. 87, 292 P.2d 482], * * * defendant has the right to store more water * * * than can be or is beneficially used," unless defendant means that it has a right to store more water than can be beneficially used by *it*. This is, of course, not to say that storage of a quantity of water within the limitation of its rights is improper before there has been a declaration of abandonment.

As a backdrop for further consideration of the cause, we note significant statutory provisions:

Section 41–26, W.S.1957: "Any person, corporation, * * * hereafter intending to store or impound, for beneficial uses, any of the unappropriated waters of the State of Wyoming, shall, before commencing construction * * * make an application * * *."

Section 41–36, W.S.1957, provides that the owner of each reservoir shall annually before the irrigating season or before releasing water from the reservoir deliver to the proper water commissioner a list of parties entitled to use water from the reservoir during the irrigating season and the lands proposed to be irrigated and that the superintendent shall annually before December 1 make a written report to the state engineer as to persons using reservoir water and enumerating the lands or uses for which the water was applied during that irrigating season so that the state engineer may be kept advised whether or not the water has been applied to beneficial uses.

Section 41–37, W.S.1957, states that reservoir water "must be used for beneficial purposes."

Section 41–39, W.S.1957, provides the owner of a reservoir impounding a greater quantity of water than necessarily used for irrigation and other beneficial purposes in connection with his own land shall when application is made furnish such surplus water to owners of other lands.

Section 41–40, W.S.1957, provides that the provisions of the Act relating to reservoirs "shall apply to reservoirs heretofore lawfully constructed as well as to all reservoirs hereafter lawfully constructed."

Section 41–47, W.S.1957, regarding abandonment of water rights, states: "Rights

---

4. Art. 8, § 1, Wyo.Const.

5. Art. 8, § 3, Wyo.Const.

to the use of water shall be limited and restricted to so much thereof as may be necessarily used for irrigation or other beneficial purposes as aforesaid; irrespective of the carrying capacity of the ditch, and all the balance of the water not so appropriated shall be allowed to run in the natural stream from which such ditch draws its supply of water, and shall not be considered as having been appropriated thereby; and in case the owner or owners of any such ditch, canal or reservoir shall fail to use the water therefrom for irrigation or other beneficial purposes during any five successive years, they shall be considered as having abandoned the same, and shall forfeit all water rights, easements and privileges, appurtenant thereto, and the water formerly appropriated by them may be again appropriated for irrigation and other beneficial purposes, the same as if such ditch, canal or reservoir had never been constructed * * *."

A statement by Judge Blume in Scherck v. Nichols, 55 Wyo. 4, 95 P.2d 74, 78–79, although perhaps merely dicta in that case, nevertheless explains rather clearly the rationale of the constitution and water laws relating to reservoir rights as this court has conceived them:

"Water may, in this state, be impounded in a reservoir by anyone who is neither the owner or in possession of any land. * * * The owner of such reservoir may sell, lease, transfer, and use such water in such manner and upon such lands as the owner may desire. * * * [§ 41–37, W.S.1957.] In other words, one man may divert and impound water, under an application to, and permit by, the state engineer, for the ultimate use of it by another. The only material difference between such case and diversion by direct flow from a stream seems to be that in the former case the water is not required to be attached to land, while in the latter case it is. * * * it is the policy in this state, along with that of all the arid regions, that its waters should be put to the highest possible use. * * * no one should be able to get control of any part of it for mere future speculative profit or advantage. * * *"

The fact that reservoir rights are subject to abandonment was also recognized by this court in Sturgeon v. Brooks, 73 Wyo. 436, 281 P.2d 675. The philosophy of these two cases, if applied to the present situation, would mean that were beneficial use of stored water, impounded under perfected permits, not made for five successive years initiation of proceedings for declaration of abandonment would be in order.

Bearing in mind then the constitutional provisions, the statutory enactments, and the judicial interpretation of these, we direct our attention to the controlling feature of the litigation, that is, the validity of the complaint.

In the first cause of action, paragraph one gave the status and business of the plaintiff; paragraph two, the priority status of its permits; paragraph three, the location of its reservoir in which its permits authorized water storage; paragraph four, the status and business of defendant and the location of its storage facilities; paragraph five, the permits, with their priorities, under which defendant has stored water. Paragraph six stated defendant had additional "filing[s]"[6] for storage of water; paragraph seven, that the total permits and "filings" owned by defendant were 110,962 acre feet and that it diverted from Piney Creek and stored annually amounts of water sufficient to equal the releases and maintained in the lake prior to seasonal releases about 87,729 acre feet of water; paragraph eight, that defendant had a 1963 "filing" for storage of approximately 45,000 acre feet on the main stem of Piney Creek. Paragraph nine:

"That the water stored by defendant and used beneficially has been used for agri-

6. This designation is unexplained.

cultural uses in the following amounts in the years indicated:

| "Year | Acre Feet Beneficially Used |
|-------|------------------------------|
| 1966 | 12,160 |
| 1965 | 4,686.50 |
| 1964 | 7,550.06 |
| 1963 | 8,387 |
| 1962 | 2,301 |
| 1961 | 10,340 |
| 1960 | 13,349 |
| 1959 | 7,675 |
| 1958 | 5,460.16" |

Paragraph ten:

"That the Defendant does not divert and store water from Piney Creek annually to the extent of its adjudicated rights under any of its permits but carries over from year to year an amount of water sufficient to fill the present storage capacity of Lake DeSmet and such water diverted and stored in excess of the releases alleged in paragraph six [sic] above has not been used beneficially for more than five years prior to the time of filing of this action."

Paragraph eleven:

"That Piney Creek has not, and will not during the times relevant to this action, produce [sic] water available for storage in Plaintiff's reservoir under all the permits specified in paragraph 2 above and owned by Plaintiff to satisfy the prior adjudicated rights of Defendant and Plaintiff, and that as a result thereof Plaintiff will not be able to store adequate water to satisfy the needs of its stockholders who beneficially use the water."

Paragraph twelve:

"That Defendant in 1963 stored the total amount of 87,729 acre feet of water without any legal authority or right and continues to store water in excess of the amount for which it has legal permits to divert and store water, all to Plaintiff's irreparable damage."

Paragraph thirteen:

"That Defendant has abandoned and forfeited its right to divert and store and beneficially use all water under * * * [its permits] over and above 12,160 acre feet as such water has not been beneficially used."

In the second cause of action plaintiff (1) realleged all allegations of the first cause, (2) stated that defendant "directs" from Piney Creek and stores water in excess of the amount adjudicated under its permits, storing in 1963 approximately 87,729 acre feet, and (3) asserted that the alleged diversion and storage was illegal and an irreparable injury to plaintiff.

The simplification of pleadings under our rules, specifically Rule 8(a), W.R.C.P., in this instance, cannot be taken to eliminate the necessity of stating in clear terms the nature and basis of the relief sought. It becomes obvious on perusal that three portions of the complaint apparently intended to state facts which would warrant relief are fatally defective:

(a) Paragraph nine, purporting to delineate the situation as to beneficial use of water impounded in defendant's reservoir for the five-year period to justify any declaration of abandonment, refers only to "agricultural uses" and contains no statement that negatives beneficial use for other purposes during the years in question.

(b) The reference in paragraph ten to paragraph six is meaningless.

(c) Paragraph thirteen is so general as to be ambiguous, but more importantly entirely fails to state any claimed period of time during which the water was not beneficially used.

The remaining allegations are insufficient to constitute a statement showing that the pleader was entitled to relief; thus, the judgment of the trial court dismissing the complaint was correct and must be affirmed.

Affirmed.