The STATE of Wyoming, BOARD OF LAND COMMISSIONERS, Petitioner,

v.

LONESOME FOX CORPORATION, Contestant-Respondent,

and the Wyoming State Board of Control, Respondent.

No. 84–164.

Supreme Court of Wyoming.

Oct. 11, 1985.

A.G. McClintock, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., and Mary B. Guthrie, Senior Asst. Atty. Gen., Cheyenne, for petitioner State of Wyo., Bd. of Land Com'rs.

Hugh B. McFadden, Jr., and Philip A. Nicholas, Laramie, for contestant-respondent Lonesome Fox Corp.

John E. Erdmann, Asst. Atty. Gen., Algirdas M. Liepas, legal intern, Cheyenne, for respondent Wyoming State Bd. of Control.

Before THOMAS *, C.J., and ROSE, ROONEY **, BROWN and CARDINE, JJ.

ROSE, Justice.

This appeal comes to this court posing a question which asks whether the State Board of Control erred in abandoning water rights on State lands. The petition was filed by a junior downstream water user seeking abandonment of senior water rights in the Rock Creek drainage in southern Wyoming, and the State Board of Control declared abandoned all but 62 acres of the original and supplemental appropriations involved.

The contestee, Board of Land Commissioners—lessor of the irrigated land—filed a motion to dismiss on the ground that the contestant, Lonesome Fox Corporation, lacked standing under our decisions in *Cremer v. State Board of Control*, Wyo., 675 P.2d 250 (1984), and *Platte County Grazing Association v. State Board of Control*, Wyo., 675 P.2d 1279 (1984), which opinions were published after the hearing in the instant matter. The motion to dismiss was denied, a petition for review was timely filed, and the matter has been certified to this court.

---

\* Became Chief Justice January 1, 1985.

\*\* Chief Justice at time of oral arguments.

1. In relevant part, § 41–3–401(a), W.S.1977, provides:

"Where the holder of an appropriation of water from a surface, underground or reservoir water source fails, either intentionally or unintentionally, to use the water therefrom for the beneficial purposes for which it was appropriated, whether under an adjudicated or unadjudicated right, during any five (5) successive years, he is considered as having abandoned the water right and shall forfeit all water rights and privileges appurtenant thereto."

Section 41–3–401(b), W.S.1977, provided:

It is the petitioner's position that, under *Cremer* and *Platte County Grazing Association, supra,* Lonesome Fox lacks standing to undertake the abandonment proceedings and, since our opinion will address only the question of whether the contestant was possessed of standing, we will content ourselves with a recitation of the following abbreviated set of facts.

## RELEVANT FACTS

The contestant's water rights and those of the contestee are both on the Rock Creek drainage, and contestant's rights are junior to those of the contestee. For our purposes, we will assume that the water in issue here was available but not beneficially used by the contestee for the five-year period contemplated by § 41–3–401(a), W.S. 1977.[1] Further, we assume, for purposes of this opinion, that the water in issue here was in excess of contestant's appropriation but was in fact applied to the lands of the contestant during the five years in question.

## THE POSITIONS OF THE PARTIES

In its order, the State Board of Control reaches a legal conclusion which holds that Lonesome Fox is possessed of standing under § 41–3–401(a), for the reason that contestee Board of Land Commissioners and its lessees have failed to apply the contested water to beneficial use for the five-year statutory period during which time the con-

"When any water user who might be *affected* by a declaration of abandonment of existing water rights desires to bring about a legal declaration of abandonment, he shall present his case in writing to the state board of control. The board has exclusive original jurisdiction in water right abandonment proceedings. The board shall, if the facts so justify, refer the matter to the superintendent of the water division where the abandonment is claimed to have occurred. The total absence of water to divert during an irrigation season precludes the inclusion of any such period of nonuse resulting therefrom in the computation of the successive five (5) year period." (Emphasis added.)

testant has utilized the water, the result of which is that

" * * * [T]he Contestant has established a lawful and justified reliance upon this water due to its own pattern of use which cannot now be disturbed without causing injury to the Contestant." [2]

The petitioner, Board of Land Commissioners, representing the position of its lessees and the water rights attached to the school section, contends that Lonesome Fox cannot show injury to its water rights by reason of contestee's nonuse and, therefore, under § 41-3-40(b), as interpreted by Cremer and Platte County Grazing Association, supra, the contestant lacks standing to seek a declaration of abandonment.

In sum, Lonesome Fox urges that it is sufficient for standing purposes for the contestant to be able to show that it has established a pattern of use of the contestee's undiverted water and that the "injury" of which the State Board of Control rule speaks (supra n. 2), and the affectation to which the statute (§ 41-3-401(b), supra n. 1) refers is established by the disturbing of the pattern of contestant's use through threat of reapplication of the contestee's water to beneficial use. The contestee, on the other hand, argues that the threat of reapplication to beneficial use will not constitute the "injury" contemplated by the rule and the affectation of which the statute speaks, *unless an abridgment of contestant's water rights would result from contestee's reapplication of the water to beneficial use* and that a resumption of use by the contestee—while admittedly upsetting the use pattern established by the contestant—would not affect the contestant's water right under the facts of this case.

We will agree with petitioner Board of Land Commissioners and reverse the State Board of Control, and hold that Lonesome Fox is not possessed of standing to seek a declaration of abandonment and, therefore, the State Board of Control lacked jurisdiction to enter its order of March 15, 1984.

## DISCUSSION OF THE STANDING ISSUE

At the outset, we once more turn our attention to the State Board of Control's Conclusion of Law No. 2 recited supra n. 2. That conclusion relies upon the State Board of Control's rule, Chapter V, Section 16, which provides in part that a petition for involuntary abandonment may be brought by *any individual* who has a valid adjudicated or unadjudicated water right from the same source of supply as the right sought to be abandoned which is equal to or junior to the right which the contestant seeks to abandon. This much of the rule is patently inconsistent with the provisions of § 41-3-401(b) and its predecessor statutory provisions as interpreted by this court. This court has historically held that only the holder of water rights that have been abridged—i.e., injuriously affected—will have standing to seek a declaration of abandonment. See *Laramie Rivers Company v. Wheatland Irrigation*

**2.** The full text of Conclusion of Law No. 2 of the State Board of Control's order of March 15, 1984, provides:

"THAT the Contestant has standing to seek a declaration of abandonment against the Contestee pursuant to the published rules of the State Board of Control and because it is an affected water user which will be injured by a reactivation of the water rights in contest. The Rules state in Chapter V, Section 16, in regard to involuntary abandonment that: 'A petition for involuntary abandonment may be brought before the State Board of Control by an individual who has a valid adjudicated or unadjudicated water right from the same source of supply which is equal to or junior in date of priority to the right for which abandonment is sought, or who can submit evidence which could prove that the abandonment would affect him.' (Last edition effective May 27, 1982, but such rule has been in effect for many years previous to this date.) In this case the Contestant has been using the water in the Rock Creek Drainage during the past five years under the authority of its junior water rights for the McQuay Ditches, Permit Nos. 15836, 15837, 4697 Enl., which was available to the Contestee. Because of the Contestee's non use, the Contestant has established a lawful and justified reliance upon this water due to its own pattern of use which cannot now be disturbed without causing injury to the Contestant."

*District,* Wyo., 708 P.2d 20 (1985); *Platte County Grazing Association v. State Board of Control,* supra; *Cremer v. State Board of Control,* supra; and the myriad of Wyoming authorities therein cited in support of this proposition. Of course, the aforementioned State Board of Control rule goes on to provide that standing will also be recognized to be possessed by those

" * * * ' * * * Who can submit evidence which could prove that the abandonment would affect him.' "

We presume that the word "affect" is a regulatory attempt to comport with the historical statutory provision now contained in § 41–3–401(b), which grants standing to any water user who might be "affected" and, were the State Board of Control to interpret the word "affect" in its rule in the same way that we have invariably interpreted "affected" in the statute, it would be a proper administrative-rule reflection of the applicable statutory law. However, that is not the interpretation the State Board of Control has given the word "affect" in this case.

■ We have held, upon occasions which are almost too numerous to mention, that where the legislature employed the phrasing, "any water user who might be affected," in § 41–3–401(b), it was the legislature's way of saying any water user whose *water rights* might be affected—and we have held in Laramie Rivers Company, Platte County Grazing Association, and Cremer, and case authorities therein contained, that "affected" means injured and/or abridged. In the aforementioned *Laramie Rivers Company v. Wheatland Irrigation District,* we said:

"The standing requirements of § 41–3–401(b) mandate that the petitioner must be possessed of a *water right* that is being abridged either by *misuse* (misapplication), as was the case in Platte County Grazing Association, *or nonuse* as the junior appropriator contends here. In pursuit of the answer to the question which wants to know whether or not Wheatland was possessed of an abridged

water right, we pause to reiterate that *it is a sound principle of water law in this state which holds that 'affected' under a statutory provision containing § 41–3–401(b) language can only pertain to an abridgment of the contestant's water right.*" (Part of the emphasis contained in original, and part added.)

In support of this proposition, we cited extensive authority in *Laramie Rivers Company v. Wheatland Irrigation District.* In that decision, we revisited *Campbell v. Wyoming Development Co.,* 55 Wyo. 347, 100 P.2d 124, 140, reh. denied 55 Wyo. 347, 102 P.2d 745 (1940), where we noted that a party may not attack the "right" of another unless he can first show that he himself has a *"right* which has been invaded thereby." (Emphasis added.) The most definitive and succinct recitation of this concept appears in *Horse Creek Conservation District v. Lincoln Land Company,* 54 Wyo. 320, 92 P.2d 572, 580 (1939), where we said:

"Finally, returning again to the opening words in the sentence last above quoted from the procedural statute, Section 122–422, supra, 'when, pursuant to the provisions of § 122–421, any water user who might be *affected* by a declaration of abandonment,' etc., it is manifest that the italicized word, 'affected,' is both significant and controlling. It indicates to our mind that it was not the legislative purpose to open the door to any person whomsoever to undertake proceedings to procure a declaration of abandonment. *Those who are authorized to use the procedure set forth in Sections 122–422 to 122–427, W.R.S.1931, inclusive, are only those whose rights would be 'affected.'*
" * * * *Our statute evidently means, therefore, that if a party's water rights would be abridged in some way, i.e., changed to his disadvantage, he may invoke the statutory procedure.*" (Emphasis added.)

Further, in support of this well-settled concept, in *Laramie Rivers Company v. Wheatland Irrigation District,* supra, we

remembered *Cremer v. State Board of Control*, 675 P.2d at 256, where we said:

"We therefore reiterate the historic rule (which is nothing more than the law of standing applied to water users in an abandonment proceeding) that *an appropriator's rights are not 'affected' for the purpose of bringing abandonment unless those rights are changed to his disadvantage.* [Emphasis added.] In other words, he has to be able to show *injury.* A water user may not bootstrap standing for the purpose of bringing abandonment of his neighbor's water rights when the only effect of the abandonment would be to enlarge the contestant's appropriation as distinguished from protecting his right to use his previously appropriated water."

In *Platte County Grazing Association*, 675 P.2d at 1283, we reaffirmed these historic water-rights concepts when we said:

"When contemplating the meaning of § 41–3–401(b), supra, we held in the Cremer case that 'affected' means adversely affected—injured—it connotes a *use* which results in an abridgement of the contestant's water rights as compared to an enhancement of those rights. We said that in order that a *user* be 'affected' so as to have standing to bring abandonment, *the complaining user must be able to show that the contestee is utilizing his water to the disadvantage of the water rights of the contestant.*

"In reaching these conclusions we were merely summarizing and reiterating old and familiar rules of this court as well as rules of other courts which have been considered with approval. See *Hagie v. Lincoln Land Co.*, D.C.Wyo., 18 F.Supp. 637, 639 (1937); *Mitchell [Irr. Dist.] v. Whiting*, supra [59 Wyo. 52, 136 P.2d 502]; *Campbell v. Wyoming Development Co.*, 55 Wyo. 347, 100 P.2d 124, reh. denied 102 P.2d 745 (1940); *Horse Creek Conservation Dist. v. Lincoln Land Co.*, 54 Wyo. 320, 342–343, 92 P.2d 572 (1939)." (Emphasis added; emphasis in original omitted.)

Therefore, the rule in this state is that before standing jurisdiction can be said to be present in an abandonment proceeding, the contestant must be able to point to a *water right* that has been "affected" (§ 41–3–401(b)), i.e. abridged—that is, *injured.*

We do not find the State Board of Control to be interpreting the disjunctive aspect of its rule—

" * * * ' * * * or who [an individual who] can submit evidence which could prove that the abandonment would affect him' * * * "

according to these various and numerous interpretations by this court.

It seems clear to us that the State Board of Control is saying in the case at bar that there need not be present a *water-right* abridgment in order that a contestant be qualified as a recipient for an abandonment decree. The State Board of Control holds, on the other hand, that the contestant only need show that he has been using the contestee's water for a five-year period and that, by reason of contestee's nonuse

" * * * the Contestant has established a lawful and justified reliance upon this water * * *."

We further understand the State Board of Control to be saying that because the contestant has established a "pattern" of use, the affectation (injury) of which the statute and rule speaks will result from its interference by contestee's reapplication to beneficial use. This sounds like the acquisition of water rights by adverse possession—a concept which we expressly rejected in *Lewis v. State Board of Control*, Wyo., 699 P.2d 822 (1985).

█ In the case at bar, the State Board of Control's order does not identify a Lonesome Fox water right that has been abridged. It only says that Lonesome Fox has established a pattern of use of the contestee's water which, if interrupted, will result in injury. We cannot assume this to mean injury to a water right, and a reading of the State Board of Control's Conclusion of Law No. 2 does not indicate that the State Board of Control intended to convey

the thought that an existing Lonesome Fox water right would be abridged in the event abandonment was not declared—only that the contestant's pattern of use would be interrupted and that interference with its reliance upon this unused water would constitute the affectation (i.e., affected, abridged, injured) of which the statute (§ 41–3–401(b)), the rule (State Board of Control Rules, Chapter V, Section 16), and the relevant authority (discussed in detail supra and infra) speak. We cannot agree.

Contrary to the understanding of the contestant-respondent in this case, it is indeed possible for a junior appropriator, through application of the senior's water to beneficial use, to establish a protectable interest in the senior's abandoned water, and it is also possible to structure injury to that right through the threat of resuscitation—i.e., threat of reapplication to beneficial use. However, this can only happen in those circumstances where the contestant is himself possessed of an unfulfilled water right which is being satisfied—or more nearly satisfied—by the undiverted water of the contestee. The junior appropriator cannot, however, structure a protectable interest in a senior's abandoned water which is sufficient to support an abandonment order in circumstances such as these with which we are here concerned where the contestant cannot show that the contestee's undiverted water is servicing contestant's water right. An example of a fact situation in which the junior could assert standing to abandon the senior's water right is to be found in *Laramie Rivers Company v. Wheatland Irrigation District,* supra. In that case, the junior appropriator, Wheatland Irrigation District, owned a reservoir right that had never been fulfilled to the extent of the authorized storage capacity and would not be fulfilled even though the contested water were to be allowed to bypass the headgate of contestee Laramie Rivers Company and flow into the contestant's reservoir. In contrast with the case at bar, where the State Board of Control finds that the threat of disturbance of the contestant's "pattern" of use constitutes the injury of which

the statute and the State Board of Control's rule speak, we found in *Laramie Rivers Company v. Wheatland Irrigation District* that the *water right* of Wheatland Irrigation District (the reservoir storage right) would suffer injury were Laramie Rivers Company to reapply the water to beneficial use and that the threat of reapplication to beneficial use was sufficient to establish the injury to the contestant's water right. We capsulized this concept as follows:

> "Where nonuse of a senior upstream appropriator's water rights is urged as grounds for abandonment under § 41–3–401(b)—the situation with which we are concerned in the case at bar—*a prerequisite to standing contemplates that the contestee's undiverted water is serving contestant's unsatisfied water right.* Given these circumstances, injury to contestant's water rights results from the everpresent danger and probability that the contestee will one day exercise its prerogative of resuscitating the abandoned water right by reapplication to beneficial use, thereby depriving the contestant's lawful utilization of the abandoned water. See *Wheatland Irrigation District v. Pioneer Canal Co.* [464 P.2d 533 (Wyo.1970)] supra, and *Sturgeon v. Brooks* [73 Wyo. 436, 281 P.2d 675 (1955)] supra (discussed infra). It may be parenthetically observed that, in these circumstances, 'benefit' and 'injury' become different sides of the same coin." (Emphasis added.) 708 P.2d at 28.

In the case at bar, the State Board of Control has not identified a water right of the Lonesome Fox Corporation which would be abridged by the reapplication of the contestee's water to beneficial use and, thus, under *Laramie Rivers Company v. Wheatland Irrigation District,* supra; *Platte County Grazing Association v. State Board of Control,* supra; and *Cremer v. State Board of Control,* supra, the contestant was not possessed of standing to seek a declaration of abandonment in the case at bar.

Since contestant Lonesome Fox Corporation lacks standing—a jurisdictional defect—we will not address any other issues raised.

Reversed.

ROONEY, Justice, concurring.

I concur. The opinion is consistent with my special concurrence in *Laramie Rivers Company v. Wheatland Irrigation District,* Wyo., 708 P.2d 20 (1985).