The STATE of Wyoming, BOARD OF LAND COMMISSIONERS, Petitioner,

v.

LONESOME FOX CORPORATION, Contestant-Respondent,

and

The Wyoming State Board of Control, Respondent.

No. 84–164.

Supreme Court of Wyoming.

Feb. 25, 1986.

Before THOMAS, C.J., and BROWN,* CARDINE, URBIGKIT * and MACY, JJ.

ORDER DENYING PETITION FOR CLARIFICATION AND CORRECTION OF OPINION AND PETITION FOR RECONSIDERATION OF LONESOME FOX CORPORATION

This case came on before the court upon the Petition for Clarification and Correction of Opinion filed herein by the State Board of Control and the Petition for Reconsideration of Lonesome Fox Corporation, and the court, having reviewed the file and record of the court and being fully advised in the premises, finds that the Petition for Clarification and Correction of Opinion and the Petition for Reconsideration of Lone-

---

\* Justices Brown and Urbigkit would grant the Petition for Clarification and Correction of Opinion and the Petition for Reconsideration of Lonesome Fox Corporation. See attached dissent.

some Fox Corporation should be denied, and it therefore is

ORDERED that the Petition for Clarification and Correction of Opinion filed herein on behalf of the State Board of Control and the Petition for Reconsideration of Lonesome Fox Corporation be, and the same hereby are, denied.

URBIGKIT, Justice, dissenting, with whom BROWN, Justice, joins.

I respectfully dissent from the order of the Court denying the Petition for Clarification and Correction of Opinion filed herein by the State Board of Control and the Petition for Reconsideration filed by Lonesome Fox Corporation.

Although I did not participate in the original argument or filed decision, the seriousness of the intrinsic question raised requires my response in consideration of the motions presently before this Court.

The immediate contention asserted by the post-opinion petition and motion is the accuracy of the stated facts as found in this Court's formal opinion in this case, which came for decision by certification from the District Court following entry of an order by the Wyoming State Board of Control after its factual hearing on a contested water rights abandonment controversy.

Original petitioner (appellant), as the State of Wyoming constituting the landowner of the involved real estate and the owner of the water right subject to abandonment, is not involved in these petitions for reconsideration and correction, but the other parties litigant, namely, the State Board of Control as a state governmental agency, the case designated respondent, and Lonesome Fox Corporation as the contestant, separately submitted the rehearing requests.

Both respondent and contestant assert that the decision of this Court misstated the facts in its opinion, and the State Board of Control avers that the standing issue upon which the decision was premised contemplates facts wherein "the Court states the facts of the case * * * in the form of two assumptions, the second of which is totally incorrect," and "which in part are a physical impossibility."

Lonesome Fox further said:

"There is no evidence in the case, and no finding of fact, that the detriment to Lonesome Fox will come from depriving it of excess water. The injury comes directly from deprivation of water that it has the authority to divert, subject to being in priority, under its lawful permits."

We must remember that this review came to the Supreme Court from an order of the Wyoming State Board of Control, which noted no factual disputes on the standing issue, and none were consequently discovered by appellate briefing.

The anomaly of the case was reflected in a comment in the answer brief of the State Board of Control:

"The Office of the Attorney General has been informed that the Contestant's private attorney will not be submitting a brief due to the financial concerns of his client. We therefore have the Board of Land Commissioners raising two jurisdictional defenses through its appointed attorneys, and the State Board of Control presenting the other side of the arguments through its appointed attorney, with all attorneys appearing before the Court being employed by the State of Wyoming."

(Actually, a brief was filed by Lonesome Fox Corporation as Respondent.)

Factually, by my review of the order of the State Board of Control from which this proceeding arose, consideration of filed material included in the record as part of that proceeding, and evaluation of the briefs filed by the State of Wyoming in behalf of the Board of Land Commissioners and by the State of Wyoming in behalf of the Wyoming State Board of Control, I fail to find a basis to accept as documented the assumption of the opinion:

" * * * for purposes of this opinion, that the water in issue here was in excess of contestant's appropriation but was in

fact applied to the lands of the contestant during the five years in question." *State of Wyoming, Board of Land Commissioners v. Lonesome Fox Corporation*, Wyo., 707 P.2d 167, 168 (1985).

A careful reading of the hearing testimony in conjunction with the voluminous exhibits, and consideration of the respective briefs as filed with the State Board of Control prehearing, are both interesting and informative. May it suffice to say that the effort affords no support for the questioned opinion's factual assumption. To the contrary, adverse cross-examination answers resulting from petitioner as owner questioning a witness of contestant, as well as statements of contestant in its brief which were admitted by contestee (petitioner) in its brief, support the decision of the Board of Control, and the factual contentions addressed by the present petition for reconsideration.

An informed agriculturalist with irrigating experience would at the minimum "gulp" at a derived conclusion from the hearing evidence that no "existing Lonesome Fox water right would be abridged in the event abandonment was not declared," 707 P.2d at 172, whereby the State section water use would be reinstituted.

The factual and practical issue included in the heavily litigated Board hearing was *whether the requisite abandonment time existed* and not particularly at issue was any appropriated right water usage by Lonesome Fox.

Since all record documentation appears to be contrary to the opinion's factual assumption, this writer has cause to wonder whether the opinion of the Court would have been the same if a different assumption or determination of the intrinsic nature of the water-right conflict had been incorporated in the decisional process. The case may be subject to categorization as a hypothetical analysis on an assumed factual status.

It is not really subject to question from the record available that Lonesome Fox had a valid junior appropriation upon which the water not used on the State's section was both included and utilized for the junior appropriator's lands by virtue of diversion and replacement.

"In this case the Contestant has been using the water in the Rock Creek Drainage during the past five years under the authority of its junior water rights for the McQuay Ditches, Permit Nos. 15836, 15837, 4697 Enl., which was available to the Contestee." Conclusion of Law No. 2, State Board of Control's order dated March 15, 1984.

It is noteworthy to remember that this Court does not undertake to retry the facts after an agency decision which is certified by the District Court to this Court without independent hearing. Illustrative on the agency authority question is our most recent case of *State v. Weisz & Sons, Inc.*, 713 P.2d 176 (1986).

The unusual nature of this dissent at this juncture is well recognized. However, the importance of the issue, as well as the philosophic concern, is perceived as justification. Text writers advising jurists on the science of appellate court brief writing stress the primary importance of factual accuracy in composition detail. It is said that the law belongs to the courts, but the facts belong to the litigants.

As this writer, as a new member of the Court, now comes to be involved in a decision on a filed petition for rehearing and correction, it is respectfully suggested that the motion should be granted so that the factual foundation is properly established in order that a viable precedent on the issue intended to be submitted will consequently result.

Another thought occurs as we now come to this case in 1986, with two new members on the Court and a presently determinative statute, § 41-3-401, W.S.1977, as amended by Ch. 203, S.L. of Wyoming 1985, in effect since May 23, 1985.

Somewhere in the standing denial cases, *Cremer v. State Board of Control*, Wyo., 675 P.2d 250 (1984); *Platte County Grazing Association v. State Board of Control*, Wyo., 675 P.2d 1279 (1984); and the most

recently determined *Laramie Rivers Company v. Wheatland Irrigation District*, Wyo., 708 P.2d 20 (1985), historical perspective, the constitutional status of the Board of Control, Art. 8, § 2 of the Wyoming Constitution, and a reasonable definition of standing seem to be severely constrained.

My concern at this juncture is that, even with the most recent legislative effort to repeal *Cremer and Platte County Grazing Association*, a factual utilization of this fourth case may indicate an effort for present judicial repeal of that last legislative action.

I read with thoughtfulness the current critique of the Wyoming cases, Note, *Water Law—Standing Requirement Under the Wyoming Forfeiture Statute*, XIX Land & Water L.Rev. 485 (1984), and would wonder if Lonesome Fox, now again revisited by this case, is additionally unfortunate.

I would grant the rehearing to review and reconsider and at least seek an opinion based upon the factual status as this case actually came to this Court by certification. This Court should grant the motion for rehearing and reschedule the case in the normal appellate process to accommodate consideration by present members of the Court.